### George Diggles v. The State.

No. 8648.   Delivered February 18, 1925.

No motion for rehearing filed.

**Rape—Evidence of Force—Held, not Sufficient.**

> Where on a charge of rape by force, threats, and fraud, the only evidence of force, or threats was the testimony of the prosecutrix, that after the act, appellant told her he would whip her if she told it, and there is no evidence of fraud in the record, the conviction cannot be permitted to stand, and the judgment is reversed and the cause is remanded.

Appeal from the District Court of Jasper County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

The opinion states the case.

*G. E. Richardson* of Jasper, for appellant.

*Tom Garrard*, State's Attorney, and *Grover. C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Jasper county of rape, and his punishment fixed at five years in the penitentiary.

There is but one count in the indictment and it charges rape by force, threats and fraud. Prosecutrix is the daughter of appellant. She testified that on the night of the alleged occurrence she was in bed with a younger sister, and in another bed in the same room was her mother; that appellant came and got in bed with her and had intercourse with her; that he told her if she told it he would whip her. This is all the proof as to force, threats or fraud. Manifestly, there was no fraud, and nothing in the record evidences force. Granting that appellant told her that if she told it he would whip her, this wholly fails to show a threat having for its purpose the securing of carnal knowledge. Its only proper interpretation is a threat of punishment or violence if the fact of intercourse is communicated to some one else. This is not sufficient. When reliance

is had upon threats, the testimony must show such threat or state-
ment as would operate upon the mind of the injured female to
cause her, by reason thereof, to yield her person to the ravisher.
The evidence is not sufficient to support the verdict. In addition
to what we have just said concerning the facts, the record is bare of
any claim of outcry, resistance or remonstrance. The only thing
of this character is the statement of prosecutrix that she told her
mother the next morning of what had occurred. The mother took
the stand and testified that this was not true. Appellant testifying
in his own behalf denied the transaction *in toto*. These three were
the only witnesses.

The judgment is reversed and the cause remanded.