ALFORD RICHARD MAY, ARCHIE DEAN MAY, DYAN RENNIE HOUSTON AND JIMMY WAYNE ROGERS V. STATE

No. 34,661.    May 30, 1962
State's Motion for Rehearing Overruled June 30, 1962

*Clay Coggins,* Roby, and *J. W. Reid,* Abilene, on appeal only, for appellants.

*Weldon Kirk,* District Attorney, Sweetwater, *Frank Ginzel,* County Attorney, Colorado City, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellants were jointly indicted, tried, and convicted for the offense of rape. Punishment was assessed against each appellant at confinement in the penitentiary for fifteen years.

Due to our disposition of the cause, the facts need not be set forth.

The indictment alleged rape by the use of force, threats, and

fraud. The court's charge limited the jury's consideration to the allegations of force and threats.

Appellants contend there is no proof of threats of death or great bodily harm as that term is defined by Art. 1185, V.A.P.C., to support the submission to the jury of the issue of rape by threats, and therefore that the court below erred in submitting same over their objection.

The rule in this state, as set forth in the early case of Serio v. State, 22 Texas Cr. Rep. 633, 3 S.W. 784, is that in the absence of proof of threats it is error for the trial court to authorize the jury to convict on the theory that the rape was committed by threats. Also, see: Fite v. State, 139 Texas Cr. Rep. 592, 140 S.W. 2d 848. In addition, the threats must be of such nature as would operate upon the mind of the prosecutrix to such an extent to cause her to yield to the attacker. Diggles v. State, 99 Texas Cr. Rep. 288, 269 S.W. 88.

A careful and thorough examination of the record fails to reveal any evidence that would constitute proof of threats. In fact, on cross-examination the prosecutrix testified several times that she was not threatened nor were any threats made upon her life by the appellants.

In supporting its contention that there is proof of threats, the state relies heavily upon Longoria v. State, 265 S.W. 2d 826, wherein the evidence was held sufficient to support a conviction for rape by threats.

We feel that Longoria is distinguishable from the case at bar in that the evidence showed that one of the appellants stated: "This lady was scared and asked me if we were going to beat her up. I *hold* her that we were not if she did what we told her to do." This clearly reflected a threat.

In order to constitute a threat under Arts. 1183, 1185, V.A.P.C., there must be some action on the part of the defendant that might reasonably create a just fear of death or great bodily harm in the mind of the prosecutrix. The record, here, fails to make such showing.

The trial court erred in submitting to the jury the issue of rape by threats. Therefore, the judgment is reversed and the cause is remanded.