**Bobby SMITH a.k.a. Dewey David Swink, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0999–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 1986.

Volley C. Bastine, Jr., Houston, for Smith.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Harris County Asst. Dist. Atty., Houston, for State.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

OPINION

WARREN, Justice.

A jury convicted appellant of sexual assault, and the court assessed punishment at 20 years confinement.

In two points of error, appellant contends 1) that the evidence was insufficient to prove the required element of force, or threats, and 2) that the trial court erred in admitting evidence of extraneous offenses. We will discuss the second point first.

■ Appellant's second point of error contends that, over objection, the trial court erroneously admitted evidence of extraneous sexual offenses by appellant. The evidence showed that appellant sexually abused his daughter, L.E.L., from the time she was three or four years old until she was 17 years old, when the instant offense occurred. L.E.L. testified that when she was nine years old, appellant repeatedly attempted to have anal intercourse with her and stopped only after she begged and pleaded with him not to do so because it "hurt so bad." Instead, he made her submit to vaginal intercourse and beat her if she "didn't go through with what he wanted." She testified that at first she hadn't known that what he was doing was wrong because appellant told her that it was right, but that he later threatened to kill or beat her mother if L.E.L. reported what he was doing. She also testified that:

> At times he bruised me. He'd kick me and bruise my knee, from my knee to the ankle down, just kicked me on the floor an [sic] pull my hair and would hit me with switches and belts, whatever he could find, I guess. I was just scared of him.

Appellant complains that this and other testimony was not admissible. However, Texas recognizes a narrow exception to the general rule excluding extraneous offenses. This exception permits admission of similar sex offenses that occurred *between the minor complainant and the accused* to throw light upon the charged act by showing the relation and mutual disposition of the parties, · as well as to make the child's accusation more plausible. *Boutwell v. State,* 719 S.W.2d 164 (Tex. Crim.App.1986) (op. on reh'g). This testimony was admissible during the State's case-in-chief in order to enable the jury to properly evaluate the inherently questionable testimony of a child against her father. *Veloz v. State,* 666 S.W.2d 581 (Tex.App.— Houston [1st Dist.] 1984, no pet.). In the instant case, the extraneous offenses were essential to show the basis for the complainant's fear caused by the appellant's continuous abuse and threats. Appellant's second point of error is overruled.

■ In his first point, appellant contends that there was insufficient evidence of force and threats. The indictment alleged that appellant:

> intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against L.E.L., not the spouse of the Defendant and hereafter styled the Complainant, cause the penetration of the vagina of the Complainant by placing his penis in the vagina of the Complainant and without the consent of the Complainant.

Appellant relies on the absence of evidence of force or threats of force contemporaneously with the act. The facts in each individual case determine whether a threat was made, or whether force was used. *Compare Brown v. State,* 576 S.W.2d 820 (Tex. Crim.App.1978). In the instant cause, L.E.L. testified that when her father entered their home at a time when she was alone, and stated "I'm going to f___ you," she submitted because she "knew what was going to happen and there was nothing [she] could do about it." Appellant also testified that she did not resist because she "was scared of getting beat.... Because he's beat me so many times before. I was just frightened." L.E.L. testified extensively regarding appellant's prior behavior. Appellant's wife also testified about her fear of him.

Inherent in the concept of force, whether it be physical or mental coercion, is that when a person involuntarily faces distasteful options, it is very human to select that option that is least distasteful. *Brown,* 576 S.W.2d at 823. In this case, the very demand of appellant for sex with his daughter carried the implicit threat, which

on many previous occasions was carried out, that force and violence would be used again if she did not submit. We agree with the State that appellant created a situation, continuing for most of the complainant's life, in which she was forced to submit to appellant's sexual whims or face the alternative of being beaten. We overrule appellant's challenge to the sufficiency of the evidence based on lack of consent, concluding that the evidence clearly shows that the complainant submitted to appellant's demands rather than face his inevitable physical assault. *See Dupont v. State,* 641 S.W.2d 250 (Tex.App.—Houston [14th Dist.] 1982, pet ref'd.)

Appellant's first point of error is overruled.

The judgment is affirmed.