**John GRAVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–97–535–CR through
13–97–546–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 13, 1999.

240

Randy Schaffer, Schaffer & Henley, Houston, for appellant.

Steven E. Reis, Dist. Atty., Bay City, Robinson C. Ramsey, San Antonio, for State.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## O P I N I O N

Opinion by Justice RODRIGUEZ.

Appellant, John Graves, was indicted on twelve charges of sexual assault.[1] A jury found him guilty on all twelve charges and the court assessed concurrent sixteen-year sentences. In ten points of error, appellant challenges his conviction. We affirm.

Graves was pastor and principal of Bay City Christian Center, where the complainants were all female parishioners and students. At various times between January 1987 and January 1994, four girls[2] ranging in age from twelve to twenty were sexually assaulted by Graves. The victims allege Graves fondled them and forced them to engage in sexual activities, including oral, vaginal, and anal intercourse. In February 1994, one of the victims, who was then twenty, informed a police officer of Graves's conduct. She was referred to

a Matagorda County Deputy Sheriff, who conducted an investigation, which resulted in the discovery of the three other young women who claimed to have been assaulted by appellant. Appellant was arrested and tried for the above described offenses.

In points of error one and four, appellant asserts the evidence regarding the sexual assault of Ab.L. in 1992 and An.L. in 1988 was legally insufficient to sustain his conviction because neither victim made a timely outcry and their testimony was uncorroborated. He argues that code of criminal procedure article 38.07 requires that an alleged victim who is fourteen years of age or older at the time the alleged offense occurred must either make an outcry statement within six months of the incident or there must be evidence to corroborate her testimony. In this case, Ab.L. was fourteen and An.L. was fifteen when the assaults occurred, therefore, according to appellant, they each would have needed to either make an outcry statement within six months or have corroborating evidence of the incidents. Because neither of these requirements were satisfied in this case, appellant claims the evidence is legally insufficient.

■■■ Appellant acknowledges, as he must, that article 38.07 was amended in 1993 to eliminate the outcry requirement if the victim was under the age of eighteen.[3] Acts 1993, 73rd Leg., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3765–66 (codified at TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Pamph.1999)). However, he argues this amendment is unconstitutional, citing *Bowers v. State*, 914 S.W.2d 213 (Tex.App.—El Paso 1996, pet. ref'd). *Bowers* held that the 1993 amendment was, in effect, an *ex post facto* law, finding it to be a substantive change that allowed conviction on less evidence than when the offense was com-

---

1. TEX. PEN.CODE ANN. §§ 22.011, 22.021 (Vernon 1994 & Supp.1999).

2. The four girls were Ab.L., An.L., Am.L., and E.A.

3. The amendment to article 38.07 also extended the timeframe for making an outcry statement from six months to one year. Acts 1993, 73rd Leg., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3765–66 (codified at TEX.CODE CRIM. PROC. ANN. art. 38.07 (Vernon Pamph. 1999)).

mitted. *Id.* at 217.[4] It, therefore, held that the version of article 38.07 in effect at the time the offense was committed was controlling.

Two courts of appeals, however, have disagreed with the El Paso Court in this holding. In *Lindquist v. State,* 922 S.W.2d 223 (Tex.App.—Austin 1996, pet. ref'd), the Austin court, in a well-reasoned opinion, held that the retroactive application of the 1993 amendment was merely a procedural change and, subsequently, was not an *ex post facto* law. *Id.* at 227–28. The *Lindquist* court noted that contrary to *Bowers*'s holding, "[a]rticle 38.07 ... does not permit conviction on less evidence as asserted by appellant because, even after the amendment, the State maintains the burden of proving all elements of the penal code provision beyond a reasonable doubt." *See Lindquist,* 922 S.W.2d at 228.

*Lindquist* was followed by the Fort Worth Court in *Carmell v. State,* 963 S.W.2d 833 (Tex.App.—Fort Worth 1998, pet. ref'd). The *Carmell* court held that amended article 38.07 merely removed "restrictions upon the competency of certain classes of persons as witnesses and is, thus, a rule of procedure." *Carmell,* 963 S.W.2d at 836 (quotations omitted) (citing *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)). As such it was not constitutionally barred as an *ex post facto* law. *Id.*

We find the reasoning of *Lindquist* and *Carmell* persuasive. Accordingly, we hold that article 38.07 is merely a procedural change and does not allow conviction on

less evidence than was required when the offense was committed. Thus, the law in effect at the time of appellant's trial in 1997, the version amended in 1993, applies.

Because Ab.L. and An.L. were both under the age of eighteen when the offenses occurred, article 38.07 does not require that they have made an outcry within one year. Appellant's first and fourth points of error are overruled.

■ In point of error two, appellant alleges there is factually insufficient evidence that he engaged in anal intercourse with Ab.L. Specifically, appellant argues the evidence is insufficient because: (1) Ab.L. did not mention the incident of anal intercourse when interviewed by Deputy Baker; and (2) upon examination for sexual assault three months after the alleged anal intercourse, there was no evidence of trauma.

In reviewing a challenge to the factual sufficiency of the evidence, we consider all of the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Clewis v. State,* 922 S.W.2d 126, 135 (Tex.Crim.App.1996). It is well established in Texas jurisprudence that when reviewing a factual sufficiency point of error, we must remain appropriately deferential to the trial court so as to avoid this Court substituting its judgment for that of the factfinder. *Id.* at 132. It is the trier of fact who judges the credibility of the witnesses and the weight to be given

---

4. To constitute an *ex post facto* law, a statute must: (1) punish as a crime an act previously committed that was innocent when done; (2) make more burdensome the punishment for a crime after its commission; (3) deprive a person charged with a crime of any defense available at the time when the act was committed; *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (citing *Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)); *Ex Parte Hallmark,* 883 S.W.2d 672, 674 (Tex.Crim.App.1994); *Grimes v. State,* 807 S.W.2d 582, 586–87 (Tex.Crim.App.

1991); or (4) alter the legal rules of evidence such that less or different evidence is needed in order to convict the offender. *Calder v. Bull,* 3 Dall. 386, 390, 1 L.Ed. 648 (1798). We note however, "the Supreme Court [stated] in *Youngblood* that cases subsequent to *Calder* point out that this language was not intended to prohibit the application of new evidentiary rules in trials for crimes committed before the changes." *See Lindquist v. State,* 922 S.W.2d 223, 227 (Tex.App.—Austin 1996, pet. ref'd) (citing *Youngblood,* 497 U.S. at 43 n. 3, 110 S.Ct. at 2719 n. 3).

their testimony, and it may resolve or reconcile conflicts in the testimony as it sees fit. TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Clewis,* 922 S.W.2d at 133; *Haskins v. State,* 960 S.W.2d 207, 209 (Tex.App.—Corpus Christi 1997, no pet.). This Court may only reverse a jury's findings if the verdict is so against the great weight and preponderance of the evidence that it is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." *Clewis* 922 S.W.2d at 135 (citing *Meraz v. State,* 785 S.W.2d 146, 149 (Tex. Crim.App.1990)). The court of criminal appeals has held that "[a]ppellate courts should only exercise their fact jurisdiction to prevent a manifestly unjust result; ... those courts 'are not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable.'" *Clewis,* 922 S.W.2d at 135 (quoting *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634 (Tex.1986) (quoting *Dyson v. Olin Corp.,* 692 S.W.2d 456, 458 (Tex.1985) (Robertson, J., concurring))).

In addition to the above evidence, Ab.L. testified she and appellant engaged in anal intercourse when she was sixteen years old. The jury heard the testimony in this case and apparently chose to believe Ab.L. over the conflicting evidence. We cannot say that the verdict on this issue is so against the great weight and preponderance of the evidence as to be manifestly unjust. Accordingly, we overrule appellant's second point of error.

■ In point of error three, appellant claims there was factually insufficient evidence that appellant sexually assaulted Am.L. when she was less than fourteen years old. His argument under this point is that the evidence showed Am.L. originally told police, a physician, and a psychiatrist that she was fourteen when appellant first had intercourse with her. However, at trial, she testified that she was actually twelve and had lied about being fourteen because she "didn't want people to think that she was as stupid as

she felt in that [she] didn't know what was going on when it happened earlier."

As noted above, it is the trier of fact who judges the credibility of the witnesses and the weight to be given their testimony. *Clewis,* 922 S.W.2d at 133; *Haskins,* 960 S.W.2d at 209. The jury heard Am.L.'s testimony, observed her disposition on the stand, and chose to believe her regarding the age at which she was assaulted by appellant. Having reviewed all the evidence regarding the alleged assault on Am.L., we hold the evidence factually sufficient to sustain appellant's conviction. His third point of error is overruled.

■ In point of error five and six, appellant asserts the evidence is legally and factually insufficient to sustain his conviction for sexual assault of An.L. because she was twenty years old at the time of the alleged offense and consented to sexual conduct with him.

In reviewing a legal sufficiency of the evidence point, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Meador v. State,* 941 S.W.2d 156, 158 (Tex.App.— Corpus Christi 1996, pet. ref'd). We do not resolve any conflict of fact or assign credibility to the witnesses, as it is the function of the trier of fact to do so. *Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim.App.1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Instead, an appellate court's duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman,* 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson,* 819 S.W.2d at 843. We measure the legal sufficiency of the evidence "by the

elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 239–40 (Tex.Crim.App.1997).

At trial, the State alleged Graves engaged in sexual conduct with An.L., without her consent. However, An.L. testified that she did, in fact, consent, but did so because Graves had struck her when she previously had refused his advances. An.L. further testified that because of his prior forceful conduct, she never told him no again and did not think she had the right to refuse anything he asked of her. The trial court properly charged the jury that for appellant to be guilty of sexual assault, it must find that Graves intentionally or knowingly caused the penetration of An.L.'s sexual organ without her consent.

Appellant argues that *Zamora v. State*, 449 S.W.2d 43 (Tex.Crim.App.1969) prohibits conviction based upon prior threats of force. We find *Zamora* distinguishable. In *Zamora*, a stepdaughter's complaint that her stepfather had previously "whipped" her was insufficient to sustain his later rape conviction where there was no force or threat of force. *Id.* at 47. Unlike this case, however, the victim in *Zamora* had not received the prior "whippings" for refusing to engage in sexual conduct with her stepfather. On the contrary, the victim's fear in *Zamora* was a generalized fear that flowed from approximately three "whippings" she had received at the hands of the defendant on prior occasions unrelated to sexual conduct. Here, An.L.'s fear flowed from having been beaten by Graves for previously refusing his advances. We note that even the *Zamora* court recognized that an accused may be guilty of sexual assault where threats are of "such a nature as would operate upon the mind of the [victim] to such an extent as to cause her to yield to the attacker." *Id.* (quoting *May v. State*, 172 Tex.Crim. 490, 358 S.W.2d 379 (Tex.Crim.App.1962) (citing *Diggles v. State*, 99 Tex.Crim. 288, 269 S.W. 88 (1925))).

Additionally, we find *Smith v. State*, 719 S.W.2d 402 (Tex.App.—Houston [1st Dist.] 1986, no pet.) persuasive. The facts of *Smith* are very similar to the facts of this case. In *Smith*, the appellant asserted the evidence was insufficient to sustain his sexual assault conviction because there was no evidence of force or threats of force "contemporaneous" with the act. *Id.* at 403. The victim in *Smith* testified that she submitted to her father's sexual advances because she had been beaten for refusing his advances in the past and was "scared of getting beat." The court found the "demand of appellant for sex with his daughter carried the *implicit* threat, which on many previous occasions was carried out, that force and violence would be used again if she did not submit." *Id.* at 403–04 (emphasis added). The court then concluded the evidence was sufficient to show the victim submitted to the accused's sexual demands rather than suffer the inevitable physical assault. *Id.* at 404.

We find appellant's demands carried an *implicit* threat that if An.L. did not submit, she would be beaten, as she had been on at least one previous occasion. To hold otherwise, would be to require sexual assault victims who previously have been beaten for refusing the sexual advances of their attacker to again be physically forced to submit to the whims of the sexual predator or, at the very least, compel them to make an express threat of force before such person could be held accountable for their actions. This indeed would be a travesty of justice. We hold the evidence legally and factually sufficient to find appellant engaged in sexual conduct with An.L. as charged. We overrule appellant's fifth and sixth points of error.

■ Appellant's seventh point of error asserts there was a fatal variance between the indictment which alleged sexual assault of "Josie Nichole" and the evidence that revealed the complainant's name was actu-

ally E.A.[5]

Generally, a variance between the indictment and the evidence produced at trial is fatal to a conviction. *Stevens v. State*, 891 S.W.2d 649, 650 (Tex.Crim.App. 1995). This is because due process requires that defendants be fairly apprized of the charges against them. *Ward v. State*, 829 S.W.2d 787, 794 (Tex.Crim.App. 1992). Not every variance, however, is fatal. *Stevens*, 891 S.W.2d at 650. The court of criminal appeals explained in *Plessinger v. State*, 536 S.W.2d 380 (Tex.Crim. App.1976) that "[t]he object of the doctrine of variance between allegations of an indictment is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice." *Id.* at 381.

In the case at bar, appellant was notified before trial that "Josie Nichole" was being used as a pseudonym for E.A. We, therefore, conclude there was no surprise to the appellant as to the identity of the alleged victim. We overrule point of error seven.

In point of error eight, appellant challenges the factual sufficiency of the evidence to sustain his conviction for engaging in oral intercourse with Josie Nichole/E.A. Appellant contends the evidence was insufficient because E.A. first testified that appellant's mouth had not touched her vagina, but on re-direct, she stated she originally did not understand the question and testified to the contrary. It is appellant's assertion that based upon this evidence, the jury's verdict is manifestly unjust.

As noted above, we do not assess the credibility of the witnesses or the weight to be given their testimony. *Clewis*, 922 S.W.2d at 133. The jury was free to believe or disbelieve E.A.'s testimony. They apparently chose to believe it. Having reviewed the entire record, we find the evidence factually sufficient to sustain appellant's conviction for engaging in oral intercourse with E.A.

In his ninth point of error, appellant claims the trial court erred in refusing to instruct the jury on the promiscuity defense with regard to the sexual assault charges involving An.L.

The promiscuity defense[6] is available if the defendant shows the complainant engaged in consensual sexual relations with a variety of partners, continuing over a reasonable period of time. *Rankin v. State*, 821 S.W.2d 230, 234 (Tex.App.— Houston [14th Dist.] 1991, no pet.); *Wimer v. State*, 717 S.W.2d 468, 469 (Tex.App.— San Antonio 1986, no pet.); *see also Ormand v. State*, 697 S.W.2d 772, 773 (Tex. App.—Corpus Christi 1985, no pet.) (holding fifteen-year-old complainant who prior to having sexual intercourse with the defendant, voluntarily had sexual intercourse with four different men on several occasions, two or three of them on a single day,

---

5. We note that in defense of his position on this point, appellant argues that article 57.02, which permits the State to use a pseudonym in place of a sexual assault victim's name, is inapplicable to his case. He explains that article 57.02 applies to cases where the offense was committed on or after January 1, 1988 and it was alleged that he committed this particular assault on Josie Nichole in 1987. Therefore, he asserts it was error for the court to have allowed the State to substitute a pseudonym. While the notes to article 57.02 do, in fact, state that article 57.02 will apply to offenses committed on or after January 1, 1988, because we find the law on variance dispositive of the issue, we need not address appellant's 57.02 argument. Tex. R.App. P. 47.1.

6. The promiscuity defense was abolished effective September 1, 1994. However, Appellant's offense occurred before the date of its repeal. At the time of the offense, the penal code provided, "[i]t is a defense to prosecution under Subsection (a)(2) of this section that the child was at the time of the offense fourteen years of age or older and had prior to the time of the offense engaged promiscuously in conduct described in that subsection." Tex. Pen.Code Ann. § 22.011(d)(1) (Vernon 1993), *repealed by* Act of 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Gen. Laws 3586, 3618.

and had a dating relationship with only one of the men, that lasted about two months was promiscuous "as a matter of law" where her sexual activity was neither "explained, controverted, disputed nor rebutted in any way").

■■■■ The evidence in this case showed that An.L. engaged in sexual relations with two different partners prior to the "incident" of sexual assault. There is no evidence as to which "incident" this evidence refers. Assuming, *arguendo*, that it refers to the earliest incident, we hold the evidence is insufficient to warrant a promiscuity instruction. To be entitled to such an instruction, the evidence must show the victim engaged in indiscriminate sexual relations with a variety of partners over a period of time. *See Harling v. State*, 899 S.W.2d 9, 12–13 (Tex.App.—San Antonio 1995, pet. ref'd). There was no evidence as to the nature and length of An.L.'s prior sexual relationships. Accordingly, we overrule appellants ninth point of error.

In point of error ten, appellant asserts he was denied effective assistance of counsel because his attorney: (1) failed to move for a severance from co-defendant Bender; (2) failed to object to certain evidence; and (3) elicited testimony that was ultimately harmful to his defense.

To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Brown v. State*, 871 S.W.2d 852, 856 (Tex.App.—Corpus Christi 1994, pet ref'd). There is a strong presumption that counsel is competent and that actions taken during trial are part of the attorney's trial strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992). Whether appellant received effective assistance of counsel is judged by the totality of the representation, not by isolat-

ed acts or omissions. *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The constitutional right to effective counsel does not guarantee errorless counsel. *Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim.App.1985).

### Strickland Analysis: The Attorney's Representation

### Complaint Regarding Severance

■■■■ Motions for severance not made prior to the announcement of ready are not considered timely and will not be addressed by the trial court. *Silva v. State*, 933 S.W.2d 715, 718 (Tex.App.—San Antonio 1996, no pet.); *Foster v. State*, 652 S.W.2d 474, 477 (Tex.App.—Houston [1st Dist.] 1983), *aff'd*, 693 S.W.2d 412 (Tex. Crim.App.1985). No error is presented where the trial court fails to grant an untimely motion to sever. *Etter v. State*, 679 S.W.2d 511, 515 (Tex.Crim.App.1984); *Silva*, 933 S.W.2d at 718. Therefore, appellant's contention that counsel should have moved for a severance during trial once his co-defendant portrayed herself as another one of appellant's victims is without merit.

■■■■ With regard to any pretrial motion for severance, article 36.09 of the code of criminal procedure provides that where "it is made known to the court that ... a trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants." TEX.CODE CRIM. PROC. ANN. art. 36.09 (Vernon 1981); *see Garza v. State*, 622 S.W.2d 85, 91 (Tex.Crim.App.1980); *Robertson v. State*, 632 S.W.2d 805, 808 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Here, appellant has presented no evidence that he and Bender had inconsistent defenses before trial began. Without a pretrial showing that Bender's defense

would prejudice his case, there is no reason for this Court to question counsel's decision not to move for a severance.

*Complaints Regarding Failure to Object*

 Appellant asserts that his attorney erred in failing to object to testimony from Deputy Baker because her testimony was an opinion on appellant's guilt. Deputy Baker testified that she investigates sex crimes and where the evidence does not implicate a suspect, no charges are filed. She then explained that based upon her investigation of appellant, she identified four sexual assault victims.

Deputy Baker gave no opinion as to appellant's guilt. Instead, the inference that may be drawn from the complained of testimony is that there was sufficient evidence to bring formal charges against appellant. Merely because an officer testifies there is evidence for charges to be brought against a defendant, does not suggest that the testimony goes to the defendant's guilt. We hold Deputy Baker's testimony was not an opinion on appellant's guilt.

Next, appellant argues his attorney was ineffective because he failed to object to evidence of extraneous offenses [7] and his bad character.

 Generally, evidence of extraneous offenses is inadmissible to show character conformity, but "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See* TEX.R.CRIM. EVID. 404(b).[8] Evidence of a person's character is not admissible to prove that he acted in conformity therewith except when the defendant offers a pertinent character trait or the prosecution rebuts the defendant's evidence. TEX.R.CRIM. EVID. 404(a); *Ran-*

*kin,* 974 S.W.2d 707, 709 (Tex.Crim.App. 1996). Character evidence may be admissible, however, where it is introduced for a purpose other than character conformity, has relevance to a "fact of consequence" in the case, and remains free of any other prohibition. *Rankin,* 974 S.W.2d at 709.

 With regard to appellant's contention that his attorney erred in not objecting to the extraneous offenses, because the alleged extraneous offenses were in no way related to the charged offenses, we hold it was error for appellant's trial counsel not to have objected to such testimony.

 Regarding the evidence of appellant's character, An.L. testified that while she consented to sexual acts with appellant, she did so under the belief that she could not refuse appellant's sexual advances because of his propensity for violence. Additionally, it was alleged that he used his parishioners' faith in God and his position as pastor and principal of the school to exact influence over his victims. We find the complained of evidence was relevant to "facts of consequence" in this case. Accordingly, we hold it falls within the above enumerated exception to rule 404 and it would have been admissible even had appellant's counsel objected.

 Graves further criticizes his attorney for failing to object to the prosecutor's statement that appellant was objecting to certain testimony to keep evidence away from the jury. The State acknowledges now, as it did at trial, that the prosecutor's comment regarding appellant's objection to evidence was improper. It is error for the State to *repeatedly* attack the lawful efforts of counsel to represent his client. *See Fuentes v. State,* 664 S.W.2d 333, 337 (Tex.Crim.App.1984); *Lopez v. State,* 705

---

**7.** The extraneous offenses of which appellant complains are alleged assaults on Matthew Rothenberger, Esmeralda Craig, Roger McLaughlin, and Cynthia Hajducek. Apparently, appellant was under investigation for the Rothenberger assault at the time of trial.

**8.** Effective March 1, 1998, the court of criminal appeals adopted the Texas Rules of Evidence which apply in both civil and criminal proceedings. However, we apply the rule in effect at the time of trial in this opinion.

S.W.2d 296, 298 (Tex.App.—San Antonio 1986, no pet.). In the case before us, the improper comment was an isolated one and not part of a continuous effort by the State to get inadmissible evidence before the jury. Additionally, the State admitted its error and apologized for making the comment, which had the analogous effect of a jury instruction by the court; negating the necessity of an objection by defense counsel. Consequently, we hold counsel's decision not to object could be characterized as trial strategy, as objecting to the comment would have only brought attention to the objected to evidence.

■ Appellant also complains that his attorney should have objected when the prosecutor accused appellant of trying to intimidate the victims. He argues the prosecutor's comment was improper because: (1) he was entitled to confront his accusers under the Sixth Amendment and (2) the State referred to the witnesses as "victims." While an accused does have a constitutional right to confront his accusers, U.S. CONST. amend. VI, appellant was not denied this right at trial. Instead, he contends the prosecutor's comment that he was trying to intimidate the victims by having an unobstructed view of them was somehow prejudicial and should have been objected to by his attorney. Appellant cites this Court to no authority which supports such a proposition and our independent research has revealed none. Accordingly, we hold counsel did not err in failing to object to the prosecutor's comment.

■ Appellant's contention that it was improper for the State to refer to the witnesses as victims is equally without merit. There was no question the witnesses in this case were victims of sexual assault. The question before the court was whether appellant committed the sexual assaults. The State did not refer to the witnesses as appellant's victims. Accordingly, we find no error in counsel not having objected to the State's comments.

■ Next, we consider appellant's assertion that his attorney's performance was deficient because he did not object to victim impact evidence regarding E.A. at the guilt/innocence phase of trial. The court of criminal appeals has held victim impact evidence inadmissible during guilt/innocence because such evidence does not tend to prove a guilt issue. *Stavinoha v. State*, 808 S.W.2d 76, 78 (Tex.Crim.App. 1991); *Miller–El v. State*, 782 S.W.2d 892, 895 (Tex.Crim.App.1990). Because the victim impact testimony was irrelevant to any fact issue, and consequently would have been inadmissible upon objection at that stage of trial, we hold trial counsel erred in failing to object.

■ Finally, we address appellant's contention that his attorney erred in failing to object to Dr. Bruce Perry's testimony that appellant apparently had sexually assaulted other parishioners. Appellant argues this evidence was inadmissible because it was hearsay, nonresponsive, and any evidence of other sexual assaults would be extraneous offense evidence.

As appellant notes in his brief, Dr. Perry's statement was one sentence of what Graves calls "a rambling answer (which comprises almost three pages in the record)." Because objecting to this statement would have only focused more attention on that particular aspect of Dr. Perry's lengthy answer, we cannot say it was error for counsel not to have objected as such would have been logical trial strategy.

### Complaints Regarding Cross–Examination

■ Appellant complains his attorney erred in offering evidence that was harmful to his defense. Specifically, his attorney should not have offered the diary and calendar of two State's witnesses because these pieces of evidence actually bolstered State's evidence as opposed to impeaching it. Appellant concedes his attorney's "strategy" was to impeach the witnesses testimony by showing that despite testify-

ing to several sexual encounters with appellant, the diary and calendar showed otherwise. Appellant further argues his attorney's performance was deficient because he elicited testimony from An.L. that she blamed herself for the sexual assault perpetrated upon her sisters. Again, appellant asserts this evidence was harmful to him because it bolstered the State's case, instead of impeaching it. Merely because counsel's trial strategy ultimately "backfired," does not render his performance deficient. Accordingly, we hold counsel did not err in offering the above evidence.

### Strickland Analysis: Result of the Proceeding

*Strickland* requires not only that the appellant show that his attorney's performance fell below an objective standard of reasonableness, but also that he demonstrate that but for counsel's deficient performance, the result of the proceeding would have been different. Under prong one of the analysis, we held appellant's attorney erred in failing: (1) to object to extraneous offenses allegedly committed by appellant and (2) to object at the guilt/innocence phase to victim impact evidence. The right to effective counsel does not guarantee errorless counsel. *Ex parte Carillo*, 687 S.W.2d at 324. This Court looks at the totality of the representation when assessing counsel's performance. *Ex parte Welborn*, 785 S.W.2d at 393. Based upon the overwhelming evidence against appellant on the sexual assault charges, we cannot say that but for counsel's errors the result of the trial would have been different. Accordingly, we overrule appellant's final point of error.

The judgment of the trial court is AFFIRMED.