99-00132 Scott v State of Texas.wpd



No. 04-99-00132-CR


Jesse SCOTT,


Appellant



v.


The STATE of Texas,


Appellee


From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-2087


Honorable Sharon MacRae, Judge Presiding


Opinion by: Sarah B. Duncan, Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: January 19, 2000

AFFIRMED


 Jesse Scott appeals his conviction for sexual assault, arguing the evidence is factually
insufficient to support the jury's verdict. We disagree and affirm the judgment.

Factual and Procedural Background


 Scott was indicted for sexually assaulting "Anne," a fifteen year old girl. At trial, Anne
testified Scott had nonconsensual sexual intercourse with her one night when she was staying at her
friend Maria's house. She further stated, and Maria confirmed, Anne told Maria about the incident
the next morning. Anne subsequently went to the hospital, where she was examined by a doctor. The
doctor corroborated Anne's story, testifying Anne claimed to have been raped by Scott at her friend's
house. Although the physical examination of Anne did not reveal any signs of trauma to her genital
area, the doctor testified these results were not unusual for a post pubertal girl who has engaged in
sexual intercourse.

 After receiving the jury charge, which defined sexual assault as intentionally or knowingly
causing the penetration of the female sexual organ of a child by any means, the jury found Scott
guilty of sexually assaulting Anne and sentenced him to ten years in prison. Scott appeals, arguing
the evidence is factually insufficient to support the verdict.

Standard of Review


 In reviewing a factual sufficiency point, we review all of the evidence "'without the prism
of "in the light most favorable to the prosecution" [and] set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust.'" Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (quoting Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd, untimely filed)).

Discussion


 Scott argues the evidence is factually insufficient to support a finding that he sexually
assaulted Anne because there is no medical evidence of forced intercourse and Anne's testimony is
incredible. However, forced intercourse, or nonconsent, is not an element of the charged offense. See
Tex. Pen. Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 1999); Hernandez v. State, 861 S.W.2d 908,
909 (Tex. Crim. App. 1993). Furthermore, while Anne's version of events may have conflicted to
some degree with Maria's, the jury is the sole judge of the credibility of the witnesses and the weight
to be given their testimony. Clewis, 922 S.W.2d at 133; Graves v. State, 994 S.W.2d 238, 242-43
(Tex. App.--Corpus Christi 1999, pet. ref'd, untimely filed). We therefore hold the evidence is
factually sufficient to support the verdict, Graves, 994 S.W.2d at 243, and affirm the trial court's
judgment.

 Sarah B. Duncan, Justice

Do not publish