COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





JOSE CARMONA,


 Appellant,


v.


THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00195-CR




Appeal from the



109th District Court



of Andrews County, Texas



(TC# 4323)



O P I N I O N


 This is an appeal from a jury conviction for the offense of aggravated sexual assault of a
child. The jury assessed punishment at ten years' imprisonment. (1) We affirm.

I. SUMMARY OF THE EVIDENCE


 Appellant filed a motion for new trial. At the hearing on the motion for new trial, Appellant
alleged numerous lapses on the part of trial counsel, which, he contended, demonstrated that he had
received ineffective assistance of counsel in trial counsel's efforts to defend him against allegations
that he had had improper sexual relations with two of his stepdaughters. (2) Appellant testified at the
hearing. He related that trial counsel had only spoken with him several times about the case. 
Appellant stated that he had given trial counsel a list of people to contact regarding the case. 
However, Appellant testified that trial counsel only spoke with his immediate family.

 Appellant testified that someone had stabbed him after he and his wife had had an altercation,
and she delayed taking him to the hospital. While he was in the hospital, she disappeared. He later
found out that she had gone to Florida. He alleged that she had fraudulently cashed an insurance
policy which she had taken out on him. Appellant testified that trial counsel never did look into the
fraud or any attempts on his wife's part to do away with him. Trial counsel did not testify at the
hearing.

II. DISCUSSION


 In six issues, Appellant contends that he received ineffective assistance at trial. Successful
claims of ineffective assistance of counsel must first demonstrate that counsel was not functioning
as counsel guaranteed by the Sixth Amendment in providing reasonably effective assistance. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The second prong of
this test requires a showing that counsel's errors were so serious as to deprive the appellant of a fair
trial, such that there arises a reasonable probability that, but for counsel's unprofessional errors, the
results would have been different. Reasonable probability is a likelihood sufficient to undermine
confidence in the outcome. Id. at 694, 104 S. Ct. at 2068. Texas adopted this test in Wilkerson v.
State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). See also McFarland v. State, 845 S.W.2d 824,
842 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993), overruled on other grounds by
Mosley v. State, 983 S.W.2d 249, 264 n.18 (Tex. Crim. App. 1998).

 The constitutional right to counsel does not mean errorless representation. In order to meet
the constitutional standard, counsel must provide reasonably effective assistance. Wilkerson, 726
S.W.2d at 548. In reviewing these assertions, the totality of representation is examined, as opposed
to focusing upon isolated acts or omissions. Ineffective assistance of counsel cannot be established
by isolating or separating out one portion of the trial counsel's performance for examination. Bridge
v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). In that regard, this Court, on review, will
not engage in hindsighted comparisons of how other counsel, in particular, appellate counsel, might
have tried the case. See Wilkerson, 726 S.W.2d at 548. A fair assessment of trial counsel's
performance requires that every effort be made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances at trial, and to evaluate the conduct from counsel's perspective at the
time. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).

 We must indulge a strong presumption that counsel's conduct falls within the wide range of
reasonably professional assistance. An appellant must overcome the presumption that, under the
circumstances at trial, the challenged action could be considered sound trial strategy. Strickland, 466
U.S. at 688-89, 104 S. Ct. at 2065; Stafford, 813 S.W.2d at 506. Ultimately, an appellant bears the
burden of proving ineffective assistance by a preponderance of the evidence. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999); Bradley v. State, 960 S.W.2d 791, 804 (Tex. App.--El
Paso 1997, pet. ref'd).

 Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in
the record. Thompson, 9 S.W.3d at 813. In the majority of instances, an appellant cannot rebut the
presumption of reasonable assistance, because the record on direct appeal is simply undeveloped and
does not adequately reflect the alleged failings of trial counsel. Id. at 813-14. A silent record that
provides no explanation for counsel's actions will not ordinarily overcome the strong presumption
of reasonable assistance. See Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). 
Any error in trial strategy will be deemed inadequate representation, only if counsel's actions are
without any plausible basis. Id. Indeed, an appellate court should not declare trial counsel
ineffective without a record showing that counsel had some opportunity to explain himself, absent
conduct "so outrageous that no competent attorney would have engaged in it." Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001)). Here, the record is silent as to trial counsel's explanation for his actions. 
Accordingly, Appellant has failed to overcome the presumption of reasonable assistance. See
Rylander, 101 S.W.3d at 110-11.

 Appellant acknowledges that the claims of ineffective assistance generally are posed in a
habeas corpus framework. However, he maintains that the record is adequate to demonstrate
ineffective assistance, even absent any testimony from trial counsel explaining his actions or
inactions in Appellant's representation. Specifically, in Issue One, Appellant contends that trial
counsel was ineffective in presenting an inadequate motion for continuance in order to obtain an
expert witness. In his second issue, Appellant argues that trial counsel failed to investigate the
insurance fraud matter that Appellant had mentioned to him and that counsel failed to interview
witnesses regarding that matter. In Issue Three, Appellant asserts that counsel was ineffective in
failing to produce an expert witness to counter the State's expert witness. Appellant also asserts, in
Issue Four, that it was ineffective representation to fail to produce any authoritative studies, treatises,
or other evidence related to child memory suggestibility or fabrication of allegations of sexual
misconduct in order to impeach the State's expert. Appellant argues in his fifth issue that trial
counsel failed to timely object to hearsay testimony of the children's mother, regarding a prior
medical examination of one of her daughters. She stated that the physician who conducted the exam
when the child was eight years old found no evidence of sexual penetration. Finally, in Issue Six,
Appellant maintains that trial counsel was ineffective in failing to question any of the expert
witnesses or other witnesses about alternate ways in which the children themselves might have
caused the appearance of chronic sexual abuse indicators, such as by masturbation using various
common instruments.

 With regard to the first contention, trial counsel filed a written motion for continuance based
upon a motion to consolidate cases and the unavailability of an unnamed expert witness for the
defense. The court denied the motion for continuance. There was no indication regarding to what
the witness would testify. Without a record demonstrating the substance of the witness's potential
testimony, we cannot conclude that counsel's failure to file a written motion for continuance was
such outrageous conduct "that no competent attorney would have engaged in it." See Goodspeed,
187 S.W.3d at 392; see also King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983).

 Issue Two involves the allegation that trial counsel failed to investigate the fraud allegation
and the stabbing and that he did not interview witnesses with regard to those issues. Trial counsel
has a duty to make a reasonable investigation into the facts of the case or to make a reasonable
decision that makes a particular investigation unnecessary. McFarland, 928 S.W.2d at 501. This
duty includes a responsibility to seek out and interview potential witnesses. Ex parte Welborn, 785
S.W.2d 391, 393 (Tex. Crim. App. 1990); see also Cantu v. State, 993 S.W.2d 712, 718 (Tex. App.--San Antonio 1999, pet. ref'd). A counsel's failures to make an independent investigation and to seek
out and interview potential witnesses constitute ineffective assistance, where the result is that any
viable defense available to the accused is not advanced. Ex parte Ybarra, 629 S.W.2d 943, 946
(Tex. Crim. App. 1982). Consequently, we will sustain an appellant's challenge, only if the
consequence of the alleged failure to investigate is that the only viable defense available to the
accused is not advanced, and there is a reasonable probability that, but for counsel's failure to
advance the defense, the result of the proceeding would have been different. Cantu, 993 S.W.2d at
718; McFarland, 928 S.W.2d at 501.

 In addition, failure to call a particular witness constitutes ineffective assistance, only if the
appellant shows that the missing witness was available for trial and would have given testimony that
actually benefitted the defense. King, 649 S.W.2d at 44; Cantu, 993 S.W.2d at 719. This claim fails
due to the lack of evidence regarding this requirement. While it may have been a viable defense that
Appellant's wife was involved in fraud, thereby giving her a motive to implicate Appellant in the
sexual abuse allegations, there is no indication in the record that any witness(es) were available for
trial. (3)
 Furthermore, we lack any indication from trial counsel regarding this defense or the strategic
advisability of pursuing it, if it existed.

 Appellant's third issue results in the same determination. There is no indication in the record
regarding what a defense expert would have testified to, if such witness existed.

 Appellant's fourth issue faults trial counsel for failing to utilize any authoritative studies,
treatises, or other evidence related to child memory suggestibility or fabrication of allegations of
sexual misconduct, in order to impeach the State's expert. Again, we are constrained by the same
difficulty in determining the effectiveness of trial counsel's representation in that we do not have any
testimony from trial counsel regarding his perception of the efficacy of such an impeachment
strategy. Such a tactic may well have not lent itself to the nature of the expert testimony, but to find
otherwise would involve pure speculation.

 Appellant's fifth issue involves the contention that trial counsel failed to timely object to a
statement by his wife that one of her daughters had been taken to a doctor when she was eight years
old, and no evidence of sexual penetration was found. After the State tried to elicit another hearsay
statement, trial counsel objected to the hearsay statements, and counsel for the State withdrew the 
question. Appellant faults trial counsel for the late objection and for failing to request an instruction
to disregard. However, objecting to an improper statement may only focus more attention on the
objectionable matter. It can be considered logical trial strategy not to object after the fact to such
statements or to request an instruction to disregard. See Graves v. State, 994 S.W.2d 238, 248 (Tex.
App.--Corpus Christi 1999, pet. ref'd).

 Last, in Issue Six, Appellant argues that trial counsel failed to provide effective assistance
of counsel by failing to question any of the expert or other witnesses about alternate ways in which
the children themselves might have caused the appearance of chronic sexual abuse indicators, by
masturbation, using various instruments such as dildos, sex toys, or toys in general, and various
vegetables, including carrots, squash, and cucumbers, and other items. Again, the efficacy of such
cross-examination is a strategic determination, and, without explanation by trial counsel, we will not
speculate regarding the viability of such a strategy.

 Accordingly, we find that Appellant has not met his burden in establishing that his trial
counsel provided ineffective assistance. Issues One through Six are overruled.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


January 31, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. Two other companion cases were consolidated for trial with this cause. In Cause No. 08-06-00196-CR ("No.
00196"), the jury convicted Appellant of two counts of indecency with a child by sexual contact, and the jury assessed
punishment at five years' imprisonment on each count. In Cause No. 08-06-00197-CR ("No. 00197"), the jury convicted
Appellant of two counts of aggravated sexual assault of a child, and the jury assessed punishment at ten years'
imprisonment on each count. The judgment in this cause states that this sentence is to run consecutively with the ten-year
sentence in Count Two of No. 00197. The judgment in No. 00196 states that the sentence of five years in Count Two
of that cause is to run consecutively with the five-year sentence in Count One of that cause. The judgment in No. 00197
states that the ten-year sentence in Count One of that cause is to run consecutively with the five-year sentence in Count
Two of No. 00196, and the ten-year sentence in Count Two of No. 00197 is to run consecutively with the ten-year
sentence in Count One of No. 00197. The complainant in this cause and in No. 00196 is the same person; the
complainant in No. 00197 is her younger sister.
2. Appellant had earlier prevailed in a writ of habeas corpus and had obtained an out-of-time appeal. This ruling
was based solely on the ineffectiveness of trial counsel in failing to adequately advise Appellant of his right to appeal. 
See Ex parte Carmona, Nos. AP-75,449, AP-75,450, and AP-75,451 (Tex. Crim. App. June 21, 2006, orig. proceeding)
(per curiam) (not published).
3. Appellant has attached to his brief an affidavit from an acquaintance of Appellant's wife indicating that the
wife had told the acquaintance of the fraud and of her desire to harm Appellant. He has also attached an affidavit from
an insurance agent; however, attachments to briefs are not part of the record and cannot be considered as evidence. See
Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's
record."); Robles v. State, 85 S.W.3d 211, 215 (Tex. Crim. App. 2002).