IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00306-CR

 

Eric Donald Anderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2006-1453-C2

 



MEMORANDUM  Opinion



 








            A jury convicted Eric Donald
Anderson of two counts of aggravated sexual assault and assessed his punishment
at ninety-nine years’ imprisonment on each count.  Anderson contends in two
issues that: (1) the court’s guilt-innocence charge impermissibly commented on
the evidence; and (2) he received ineffective assistance of counsel.  We will
affirm.




Guilt-Innocence Charge

            The State tried Anderson for
four counts of aggravated sexual assault.[1] 
Because the State offered evidence that Anderson sexually assaulted the
complainant A.F. on numerous occasions, the State was required to elect the
particular alleged assaults on which it would rely for convictions.  The court
instructed the jury regarding the State’s elections for Counts 1 and 3 as
follows:

            To prove the offenses [sic]
alleged in the indictment in Count 1, the State has elected to proceed on the
alleged event that occurred in the living room on the love seat, in which the
defendant, Eric Donald Anderson, allegedly committed the offense, if any.

 

            To prove the offense alleged
in the indictment in Count 3, the State has elected to proceed on the alleged
event that occurred after the drive to Temple, in which the defendant, Eric
Donald Anderson, allegedly committed the offense, if any.

 

            Because Anderson did not
object to the court’s charge, he must establish that these instructions are
erroneous and that he suffered egregious harm from their inclusion in the
charge.  Witt v. State, 237 S.W.3d 394, 398 (Tex. App.—Waco 2007, pet.
ref’d).  “A charge improperly comments on the evidence if it ‘assumes the truth
of a controverted issue.’”  Hanson v. State, 180 S.W.3d 726, 728 (Tex.
App.—Waco 2005, no pet.) (quoting Whaley v. State, 717 S.W.2d 26, 32
(Tex. Crim. App. 1986)).

            The instruction on Count 1
does assume that there was a love seat in the living room, which was
undisputed.  However, the instruction does not assume that a sexual assault
actually occurred on that love seat.  Thus, this instruction does not assume
the truth of a controverted issue.  See Whaley, 717 S.W.2d at 32;
Hanson, 180 S.W.3d at 728.

            The instruction on Count 3 similarly
assumes that someone drove to Temple before Anderson allegedly assaulted A.F. 
However, it was undisputed that Anderson drove A.F.’s mother to Temple to go to
work on the occasion in question.  Rather, the parties disputed whether he
smoked marijuana during the drive back from Temple and whether he sexually
assaulted A.F. afterward.  The challenged instruction does not assume that
either of these actions occurred.  Thus, the instruction does not assume the
truth of a controverted issue.  Id.

            Accordingly, we overrule
Anderson’s first issue.

Ineffective Assistance

            Anderson complains in his
second issue that he received ineffective assistance of counsel because trial
counsel failed to: (1) object to the admission of evidence regarding extraneous
misconduct; (2) request a hearing to determine the proper outcry witness; (3)
object to the testimony of two witnesses who gave their opinion about the
truthfulness of A.F.’s testimony; (4) object to the portions of the charge
addressed in the first issue; and (5) object to the court reporter’s failure to
record several bench conferences and in-chamber conferences.

            To prevail on an
ineffective-assistance claim, an appellant must show by a preponderance of the
evidence that: (1) counsel’s performance was deficient and (2) the

deficient performance prejudiced the
defense.  Garza v. State, 213 S.W.3d 338, 347-48 (Tex. Crim. App.
2007).  We begin with a “strong presumption” that counsel provided reasonably
professional assistance, and the defendant bears the burden of overcoming this
presumption.  See Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App.
2005).  To do so, “the defendant must prove, by a preponderance of the
evidence, that there is, in fact, no plausible professional reason for a
specific act or omission.”  Bone v. State, 77 S.W.3d 828, 836 (Tex.
Crim. App. 2002).  Generally, the appellate record is insufficient to satisfy
this burden.  Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App.
2004); Curry v. State, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet.
ref’d).

Extraneous Misconduct

            Anderson argues that counsel
was ineffective for failing to object to evidence that he used marijuana,
watched pornography, and was having an affair.

            A.F. testified that Anderson
smoked marijuana on the drive home from Temple and kept asking whether she was
going to let him have sex with her when they arrived.  She testified that he
sexually assaulted her later that night after putting her younger sister to bed. 
A.F.’s mother testified that, in a phone conversation two days after she
confronted Anderson with the allegations (which he initially denied), he expressed
remorse for what had happened and suggested that he  may have been “drunk or
high” on one of the occasions when he sexually assaulted A.F.

            A.F.’s testimony regarding
Anderson’s marijuana usage was arguably admissible as evidence of plan and
preparation under Rule of Evidence 404(b).  See Tex. R. Evid. 404(b); Hernandez v. State, 973 S.W.2d 787,
790 (Tex. App.—Austin 1998, pet. ref’d).  His statement to her mother that he
may have been drunk or high when he sexually assaulted A.F. was arguably admissible
as same transaction contextual evidence.  See Gaconnet v. State,
No. 04-98-00033-CR, 1999 Tex. App. LEXIS 7592, at *8-9 (Tex. App.—San Antonio Oct. 13, 1999,
pet. ref’d) (not designated for publication).

            A.F. also testified that,
one morning when she sat down to watch television, Anderson started watching a
pornographic movie so she got up and left the room.  Her mother testified that
Anderson had two or three pornographic DVD’s and that the two of them watched
one together on one occasion.  This testimony was arguably admissible as
evidence of Anderson’s intent.  See Sarabia v. State, 227 S.W.3d 320,
323-24 (Tex. App.—Fort Worth 2007, pet. ref’d).

            Finally, A.F.’s mother
testified that Anderson admitted to her after the fact that he had been having
a relationship with another woman during their relationship.  This evidence
supported counsel’s apparent strategy of trying to show that A.F. had a motive
to lie.  See Hammer v. State, 296 S.W.3d 555, 56-68 (Tex. Crim.
App. 2009).

            Plausible theories support the admission
of the challenged testimony regarding extraneous misconduct.  The record is mostly
silent regarding counsel’s strategy for not objecting to this testimony.  Thus,
Anderson has failed to overcome the “strong
presumption” that counsel provided reasonably professional assistance when he
did not object to this testimony.

Outcry Witness

            Anderson contends that he
received ineffective assistance of counsel because counsel failed to request a
hearing to determine the proper outcry witness.  Here, Anderson complains that
A.F.’s mother, a physician and a psychotherapist each testified without
objection regarding details of the offenses which A.F. told them.

            A.F.’s mother was the outcry
witness.  The testimony of the physician and of the psychotherapist regarding
A.F.’s statements to them was admissible as an exception to the hearsay rule
for statements made for purposes of medical diagnosis or treatment.  See
Tex. R. Evid. 803(4); Munoz v.
State, 288 S.W.3d 55, 58-60 (Tex. App.—Houston [1st Dist.] 2009, no pet.); Guzman
v. State, 253 S.W.3d 306, 307-09 (Tex. App.—Waco 2008, no pet.).  Thus, Anderson has failed to overcome
the “strong presumption”
that counsel provided reasonably professional assistance when he did not object
to this testimony.

Opinions About A.F.’s Veracity

            Anderson argues that counsel
was ineffective for failing to object to the testimony of two witnesses who
gave their opinion about the truthfulness of A.F.’s testimony.

            Jeredith Jones testified
about the steps she took as a CPS investigator in response to the referral
received concerning A.F.’s allegations.  When asked whether she had any
additional contact with law enforcement after interviewing A.F. and her mother,
she answered, “I spoke with the detective who was assigned to the case to let
her know that I felt that the allegations were valid and needed further
follow-up.”

            Anderson contends that this
statement is inadmissible because it constitutes an imadmissible opinion
regarding his guilt and an inadmissible opinion regarding A.F.’s veracity.  He
cites Boyde v. State, 513 S.W.2d 588, 589-90 (Tex. Crim. App. 1974), and
Graves v. State, 994 S.W.2d 238, 247 (Tex. App.—Corpus Christi 1999, pet. ref’d, untimely filed), to support the first
contention, and he cites Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim.
App. 1993), to support the second contention.

            In Boyde, a police
officer was asked whether, at the time of arrest, he was “totally satisfied”
that the defendant was guilty and whether he knew of any evidence which would
tend to exonerate the defendant or show that he was not guilty.  The Court of
Criminal Appeals held that this was improper.  See Boyde, 513
S.W.2d at 590.

            In Graves, a deputy
testified that she investigated sex crimes and does not file charges when the
evidence does not implicate a suspect.  994 S.W.2d at 247.  She further
testified that, based on her investigation of Graves, she identified four
sexual assault victims.  Id.  The court of appeals rejected Graves’s
contention that this was tantamount to giving an opinion as to his guilt.

Instead, the inference that may be drawn
from the complained of testimony is that there was sufficient evidence to bring
formal charges against appellant.  Merely because an officer testifies there is
evidence for charges to be brought against a defendant, does not suggest that
the testimony goes to the defendant’s guilt.

 

Id.

            Unlike the officer in Boyde,
Johnson was not asked to give an opinion regarding Anderson’s guilt.  Rather,
her testimony is more similar to that in Graves which was found to be
permissible.

            In Yount, a physician
was asked in how many of the hundreds of examinations she had performed had she
found the allegations to be invalid.  She replied, “When you mean invalid, that
the child was not telling the truth?”  The prosecutor responded, “Right,” and
over objection she answered, “I have seen very few cases where the child was
actually not telling the truth.”  Yount, 872 S.W.2d at 707-08.

            The Fort Worth Court has
explained that Yount addresses “the admissibility of direct testimony as
to the truthfulness of the child complainant.”  See Salinas v. State,
166 S.W.3d 368, 370 (Tex. App.—Fort Worth 2005, pet. ref’d).  Unlike the
physician in Yount, Johnson was not asked whether she thought A.F. was
telling the truth.  Her testimony that she felt that the allegations were
valid, particularly when viewed in context (namely, her explanation of the
steps in the investigation), is not “direct testimony” regarding A.F.’s
truthfulness.

            Dr. Ann Sims testified that
her findings from a physical examination of A.F. were not inconsistent with the
sexual abuse history A.F. told her.  Anderson argues that, by doing so, she
gave her personal opinion that he sexually assaulted A.F.  We disagree.

            Unlike the officer in Boyde,
Sims was not asked whether she believed Anderson was guilty.  Rather, she was
asked whether her findings were consistent with the allegations.  Such
testimony is not objectionable.  See Reyes v. State, 274 S.W.3d 724,
730 (Tex. App.—San Antonio
2008, pet. ref’d).

            Accordingly, Anderson has
failed to overcome the “strong
presumption” that counsel provided reasonably professional assistance when he did
not object to Johnson’s and Sims’s testimony.

Comments on Evidence

            Anderson complains that he
received ineffective assistance of counsel because counsel failed to object to
the instructions we discussed in addressing his first issue.  However, we
determined that these instructions were not objectionable.  Thus, Anderson has failed to overcome the “strong presumption” that counsel
provided reasonably professional assistance when he did not object to the
challenged instructions.




Unrecorded Conferences

            Finally, Anderson argues
that counsel was ineffective for failing to object to the court reporter’s
failure to record various conferences conducted at the bench or in chambers. 
He observes that “[t]hese unrecorded conferences created an unknown” which “may
have assisted Appellant on appeal.”

            Anderson’s own argument
demonstrates that he cannot prevail on this contention in this direct appeal. 
He must establish that he was prejudiced by what occurred during these
unrecorded conferences.  See Garza, 213 S.W.3d at 347-48.  Yet he
concedes that what occurred there is “unknown” and only “may have assisted” him
on appeal.  An ineffective assistance claim will not be sustained on the basis
of mere speculation.  See Bone, 77 S.W.3d at 835; Howard v.
State, 239 S.W.3d 359, 367
(Tex. App.—San Antonio 2007,
pet. ref’d); Curry, 222 S.W.3d at 754.

            Accordingly, we overrule
Anderson’s second issue.

Having overruled the issues presented,
we affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed October 20, 2010

Do not publish

[CRPM]









[1]
              The jury acquitted
Anderson of the offenses alleged in Counts 2 and 4.