R00661.aa1; V. Miller v. SOT








NUMBER 13-00-661-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


VICTOR MILLER, Appellant,

v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________

On appeal from the 94th District Court of Nueces County, Texas.

____________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa



A jury found appellant, Victor Miller, guilty of three counts of aggravated sexual assault of a child and one count of
indecency with a child, and assessed his punishment at life imprisonment and a $10,000 fine for each of the three counts of
aggravated sexual assault, and twenty years and a $10,000 fine for the indecency count. In two issues, appellant contends
he received ineffective assistance of counsel during the guilt/innocence and punishment phases of the trial. We affirm.

A. Background


The victim, who is the daughter of appellant's live-in girlfriend, testified that appellant committed numerous sexual
offenses against her, starting when she was ten years old. A sexual assault examination revealed no physical evidence of
sexual assault. A Child Protective Services caseworker testified about the victim's outcry statement. S.H., the victim's
mother, voluntarily gave police a notarized statement shortly after appellant's arrest which tended to incriminate appellant.
She dictated the statement to her sister, who typed it. At trial, however, S.H. refused to testify. She told the court that the
prior statement was "basically true," except possibly as to "minor details." Appellant then testified and denied committing
the offenses. The State called S.H. as a witness and granted her immunity from prosecution. S.H. was questioned
concerning appellant's treatment of the victim, and about her prior statement.

B. Standard of Review

Claims of ineffective assistance are analyzed under the rule set forth in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by the Texas courts in Hernandez v. State, 726 S.W.2d 53, 56-56 (Tex. Crim. App. 1986). The Strickland test is
the benchmark for judging whether counsel's conduct has so undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a reliable result. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999) (citing McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). The appellant must first show that
his trial counsel's performance was not reasonably effective, falling below an objective standard of reasonableness under
the prevailing professional norms. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812-13. A showing of deficiency
requires a demonstration that trial counsel made errors so serious that he was not functioning as the counsel guaranteed a
defendant under the Sixth Amendment. Strickland, 466 U.S. at 687. We must presume that counsel is better positioned
than the appellate court to judge the pragmatism of the particular case, and that counsel made all significant decisions in the
exercise of reasonable professional judgment. Young v. State, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). There is also
a strong presumption that the trial counsel's conduct was reasonable and constitutes sound trial strategy. Strickland, 466
U.S. at 689; McFarland v State, 845 S.W.2d at 843. The "reasonably effective assistance" standard does not mean errorless
counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991); Hernandez v. State, 799 S.W.2d 507, 508 (Tex.
App--Corpus Christi 1991, pet. ref'd).

If the appellant can demonstrate deficient assistance under the first part of the Strickland test, he must then show that there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812; Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim.
App. 1989). "A reasonable probability" means "a probability sufficient to undermine confidence in the outcome."
Strickland, 466 U.S. at 694; Thompson, 9 S.W.3d at 812; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App. 1989).
The prejudice element requires a showing that trial counsel's errors were so serious as to deprive the defendant of a fair trial
- one whose result is reliable. Strickland, 466 U.S. at 687. The totality of the representation is evaluated from counsel's
perspective at trial, not his isolated acts or omissions in hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986).

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each
case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus
Christi 2000, pet. ref'd). The appellant must prove his claim of ineffective assistance of counsel by a preponderance of the
evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Furthermore, he must show ineffective
assistance firmly rooted in the record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We may not
speculate as to the reasons behind trial counsel's actions nor should we try to second guess trial counsel's tactical decisions
which do not fall below the objective standard of reasonableness. Young, 991 S.W.2d at 837-38; Solis v. State, 792 S.W.2d
95, 100 (Tex. Crim. App. 1990); Stone, 17 S.W.3d at 350.

These demanding standards are virtually impossible to meet when no proper evidentiary record was developed at a hearing
on a motion for new trial. The court of criminal appeals has noted that "[a] substantial risk of failure accompanies an
appellant's claim of ineffective assistance on direct appeal. . . . In a majority of instances, the record on direct appeal is
simply undeveloped and cannot adequately reflect the failings of trial counsel." Thompson, 9 S.W.3d at 813-14. The
reason an adequate record is so important in these cases is because in the absence of such a record, the court must apply the
strong presumptions that counsel's performance was a part of trial strategy, and typically will not second-guess a matter of
trial strategy. Young, 991 S.W.2d at 837; Stone, 17 S.W.3d at 350.

C. Ineffective Assistance of Counsel During Guilt/Innocence

In his first issue, appellant contends he received ineffective assistance of counsel during the guilt/innocence phase of the
trial because his counsel failed to object to: (1) testimony that appellant had sex with the victim's younger sister; (2) the
State's improper cross-examination of appellant, thereby allowing the jury to hear evidence of extraneous misconduct; (3)
the admission of harmful hearsay evidence; and (4) the State's calling a witness solely to impeach her with a prior written
statement, thereby allowing the jury to consider extraneous acts of misconduct.

 1. Failure to Exclude Evidence of Extraneous Offense

Appellant contends he received ineffective assistance of counsel because his trial counsel failed to object to testimony that
appellant also had sex with the victim's younger sister. Appellant asserts his trial counsel "either opened the door to
appellant's extraneous, inadmissible sexual misconduct or failed to object to an unresponsive answer which allowed the
jury to consider appellant's inadmissible sexual misconduct." 

 Texas Rule of Evidence 404(a) provides that evidence of a person's character or character trait is not admissible for the
purpose of proving action in conformity therewith on a particular occasion. Tex. R. Evid. 404(a). Rule 404(b), however,
provides that 

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in
conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. . . . 

Tex. R. Evid. 404(b); see Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990). A party may introduce
such evidence where it logically serves to make more or less probable (1) an elemental fact, such as intent or identity, (2) an
evidentiary fact, such as motive, opportunity, or preparation, leading inferentially to an elemental fact, or (3) defensive
evidence undermining an elemental fact. Santellan v. State, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997). Introduction
of such evidence is subject to a determination of whether its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury. Tex. R. Evid. 403; see Hankton v. State, 23 S.W.2d 540,
547 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). 

Appellant complains of the following testimony, which was made by the victim on cross-examination by appellant's trial
counsel:

Appellant's Counsel: Was [your aunt] the first adult who you told that something had happened between you and Victor?

Victim: No. The first person I told was a lady named Shannon. (1)

Appellant's Counsel]: You never told [your aunt] in July that there was any type of sex acts with - between you and Victor?

Victim: No, it wasn't me. It was my little sister who had sex with him - (2)

Prosecutor: Your Honor, excuse me. May we approach?

The Court: You may.

Prosecutor: If he asks her the questions -

The Court: He's opened the door.

Prosecutor: She's going to answer.

Defense counsel: I'll just withdraw that question.

We conclude appellant's trial counsel did not open the door to evidence of appellant's possible sexual abuse of the victim's
younger sister. The record shows counsel was trying to question the victim regarding who she first told that appellant was
sexually abusing her. The victim made a spontaneous statement about her sister.

Appellant further complains that trial counsel should have objected and asked for an instruction to disregard instead of just
withdrawing the question. However, we have held that because objecting to an improper statement may only focus more
attention on the objectionable matter, it is generally considered logical trial strategy not to object after the fact to such
statements. Graves v. State, 994 S.W.2d 238, 248 (Tex. App.-Corpus Christi 1999, pet. ref'd). We conclude appellant has
failed to overcome the strong presumption that trial counsel's conduct was reasonable and constitutes sound trial strategy.
See Strickland, 466 U.S. at 689; McFarland, 845 S.W.2d at 843.

2. Failure to Object to Hearsay Evidence

that Impeached S.H.'s Credibility


Appellant further contends he received ineffective assistance of counsel because his trial counsel failed to object to the
admission of harmful hearsay evidence. Shannon Salinas, a Child Protective Services caseworker, testified about the
victim's outcry statement. In response to the prosecutor's questions, Salinas testified that she spoke with S.H., the victim's
mother, who said: (1) she did not believe her daughter; (2) she did not have a serious relationship with appellant; and (3)
appellant was just a friend who was staying with her for a short time. (3) Appellant asserts his trial counsel was ineffective
for failing to object to this testimony.

As we have noted above, it is considered logical trial strategy not to object to hearsay statements when doing so will focus
more attention on the statement. Graves, 994 S.W.2d at 248. Even if the statements were objectionable, they did not
prejudice appellant's case. See Velasquez v. State, 941 S.W.2d 303, 310 (Tex. App.-Corpus Christi 1997, pet ref'd). S.H.
testified later that she did not believe her daughter's accusations. If appellant's trial counsel had successfully objected to
Salinas's testimony regarding S.H.'s statement that appellant was "just a friend," the State could have elicited testimony
from S.H. about the relationship, then recalled Salinas to impeach S.H. Thus, appellant has failed to prove the second
prong of the Strickland test - that, but for counsel's error, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 686, 694.

3. Failure to Object to State's Cross-Examination of Appellant

Appellant also contends he received ineffective assistance of counsel because his trial counsel failed to object to the State's
improper cross-examination of him, thereby allowing the jury to hear evidence of extraneous misconduct. On direct
examination, appellant testified that he had never sexually abused the victim. On cross examination, the State asked
appellant if he knew that S.H. had given a statement to police, and then asked;

Prosecutor: Okay. Would you disagree with her if she stated that you were high tempered and [a] controlling person?

Appellant: As far as -

Appellant's Counsel: Objection, Your Honor, this is assuming facts not in evidence.

The Court: Be overruled.

It is improper for the State to cross-examine a witness with questions that assume facts not in evidence. Ramirez v. State,
815 S.W.2d 636, 652 (Tex. Crim. App. 1991). Appellant's trial counsel did object to this testimony, and it was overruled
by the trial court. It was not ineffective assistance for trial counsel to refrain from continually objecting to the rest of the
testimony, when he knew the objection would in all probability be overruled. See Graves, 994 S.W.2d at 248. We
conclude appellant has failed to overcome the strong presumption that trial counsel's conduct was reasonable and
constitutes sound trial strategy. See Strickland, 466 U.S. at 689; McFarland, 845 S.W.2d at 843.

4. Failure to Object to the State Calling S.H. to Testify

Finally, appellant contends he received ineffective assistance of counsel because his trial counsel failed to object "to the
State's calling S.H. to testify when the State's purposes was simply to place otherwise inadmissible evidence before the
jury." Unless a witness's prior inconsistent statement falls within a hearsay exception, it is admissible only for purposes of
impeachment and not as substantive evidence. Hughes v. State, 4 S.W.3d 1, 3 (Tex. Crim. App. 1999); Miranda v. State,
813 S.W.2d 724, 735 (Tex. App.-San Antonio 1991, pet. ref'd). A party may not call a witness primarily for the purpose of
impeaching the proposed witness with evidence that would be otherwise inadmissible. Hughes, 4 S.W.3d at 6-7. Factors in
determining whether a witness has been called primarily to introduce impeachment evidence that is otherwise inadmissible
include: (1) eliciting of direct evidence relevant to the case; (2) whether the State adduced evidence favorable to its case;
and (3) any other legitimate reason for calling the witness to testify. See id. 

The State called S.H. as a rebuttal witness, after granting her immunity for her testimony. The State asked S.H. whether
she had indicated certain things in her prior statement, including changes she noticed in the victim when she turned ten,
appellant's obsessiveness with the victim, appellant's isolating of victim from others, appellant's desire to take care of the
victim while S.H. was working, that she caught appellant in her daughters' bedroom one night at 4:00 a.m., that appellant
refused to put locks on the doors to the girls' bedroom or the bathroom, that appellant frequently wanted to be alone with
the victim and would become angry with S.H. and tell her to leave him and the victim alone, and that appellant wanted the
victim to sit or lie on top of him.

The State also questioned S.H. directly about appellant's relationship with the victim, and she testified directly about (1)
changes she noticed in her daughter; (2) appellant ignoring her and her younger daughter and focusing his attention on the
victim; (3) how appellant refused to let the girls stay with anybody but him when S.H. was not at home; (4) appellant's
refusal to install door locks on the door to the girls' bedroom and the bathroom; and (5) how at times, appellant wanted to
be alone with the victim without S.H. and the younger daughter. On cross-examination by defense counsel, S.H. testified
that she did not believe the victim's accusations against appellant.

In the instant case, S.H. had already represented to the trial court at a hearing outside the presence of the jury that her prior
statement was "basically true," except for some details. The State elicited evidence favorable to its case against appellant,
including important evidence about appellant's treatment of the victim. We cannot say the trial court would have erred by
admitting this testimony, even if appellant's trial counsel had objected to it. We conclude appellant has failed to prove the
second prong of the Strickland test - that, but for counsel's error, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 686, 694.

We hold appellant has failed to prove that he received ineffective assistance of counsel during the guilt/innocence phase of
the trial. Accordingly, we overrule appellant's first issue.

B. Ineffective Assistance of Counsel During Punishment Phase 

In his second issue, appellant contends he received ineffective assistance of counsel during the punishment phase of the
trial because his counsel called the victim's psychotherapist to testify, thus permitting the State to elicit harmful testimony
about him during cross examination.

During the punishment phase of the trial, the State sought to show that appellant had also sexually abused his biological
daughter, the victim's younger sister. Salinas testified about the younger sister's outcry statement, and medical testimony
was adduced that there was physical evidence that the younger daughter had been sexually abused. Appellant's counsel
called the therapist and elicited testimony that the younger daughter had recanted her outcry against appellant, stating
instead that her grandfather had abused her. The therapist then testified that the two girls had told her about appellant's
physical violence toward them and their mother, and that appellant had fought with and choked the victim's biological
father.

Appellant complains his counsel was ineffective when he called this witness because her testimony that the younger sister
recanted her accusation against appellant "was essentially irrelevant since the jury was assessing punishment for appellant's
offenses against [the victim]," and it allowed the State to elicit further negative testimony about appellant. However, this is
simply not so. 

The admission of extraneous offense evidence during the punishment phase of the trial of a non-capital offense is governed
by article 37.07(a)(3) of the code of criminal procedure, which provides:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the
state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances
of the offense for which he is being tried, and, notwithstanding Rule 404 and 405, Texas Rules of Criminal Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously
been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07(a)(Vernon Supp. 2001). Article 37.07(a) requires that extraneous offense evidence
may not be considered in assessing punishment until the fact finder is satisfied beyond a reasonable doubt that these prior
acts are attributable to the defendant. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). The trial court errs if it
fails to instruct the jury in the punishment charge that it may not consider the extraneous acts in assessing punishment
unless it finds beyond a reasonable doubt that the acts are attributable to the defendant. Huizar v. State, 12 S.W.3d 479,
484 (Tex. Crim. App. 2000). Here, appellant's counsel was attempting to undermine the reliability of the younger
daughter's statement in an effort to create a reasonable doubt in the jury's mind regarding whether appellant did, in fact,
sexually abuse the younger girl.

We hold appellant has failed to overcome the strong presumption that trial counsel's conduct was reasonable and
constitutes sound trial strategy. See Strickland, 466 U.S. at 689; McFarland, 845 S.W.2d at 843. Thus, he has failed to
prove that he received ineffective assistance of counsel during the punishment phase of the trial. Accordingly, we overrule
appellant's second issue.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.

1. Shannon Salinas was the Child Protective Services caseworker to whom the victim made her outcry statement.

2. Evidence adduced at the punishment phase shows that the younger sister made the first outcry against appellant. She
also told authorities that appellant was also sexually abusing her older sister (the victim); this lead to CPS's investigation of
the victim's sexual abuse.

3. Other evidence adduced at trial showed that S.H. and appellant had a long-term relationship, had lived together many
years, and that appellant was the father of S.H.'s younger daughter.