**Derrick GRAHAM, Appellant,**

v.

**The STATE of Texas.**

No. 1621–99.

Court of Criminal Appeals of Texas.

June 7, 2000.

William Goode, Houston, for appellant.

Barbara A. Drumheller, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant was charged as a party with the felony offense of capital murder. *See* TEX. PENAL CODE ANN. §§ 7.01, 19.03 (Vernon 1994). The indictment arose out of appellant's alleged participation in a drug-related robbery during which three individuals were killed. Specifically, the State sought to present the jury with a single, three-paragraph indictment alleging that appellant committed capital murder by (1) causing the death of Heimar Prado Hurtado ("Hurtado") and the death of Danny Giraldo ("Giraldo") during the same criminal transaction; (2) causing the death of Hurtado while in the course of robbing him; and (3) causing the death of Jesus Garcia–Castro ("Garcia–Castro") while in the course of robbing him.[1]

■ Before trial began, appellant sought a severance pursuant to Texas Penal Code § 3.04(a), alleging that the indictment charged at least two distinct capital murder offenses.[2] The State maintained that the indictment did not consolidate or join two or more offenses within the meaning of § 3.04(a), but rather alleged different theories for committing *one* capital murder. Thus, according to the State, only one offense was charged and a severance was not required. The trial court agreed with the State's argument, overruled appellant's motion to sever, and allowed the State to proceed to trial under each of the three alternative paragraphs. The jury ultimately returned a general

---

1. The original indictment included thirteen separate paragraphs. At a pre-trial hearing, the State abandoned all but the three paragraphs described above.

2. When two separate offenses arise out of the same criminal episode, the State may join the offenses and try them in a single trial. *See* TEX. PENAL CODE ANN. § 3.02 (Vernon 1994). However, where the State properly joins two offenses for trial pursuant to § 3.02, the defendant, upon timely motion, has an absolute right to a severance of the offenses. *See id.* § 3.04(a); *Coleman v. State,* 788 S.W.2d 369, 371 (Tex.Crim.App.1990).

verdict finding appellant guilty of capital murder, and the trial court assessed punishment at life imprisonment. *See* TEX. PENAL CODE ANN. § 12.31(a) (Vernon 1994) (requiring that person convicted of capital felony where State does not seek the death penalty be sentenced to life imprisonment).

In the Court of Appeals, appellant argued, *inter alia*, that the trial court erred in refusing to grant a severance. The appellate court affirmed appellant's conviction in an unpublished opinion. *See Graham v. State*, No. 14–98–00097–CR, slip op., 1999 WL 605519 (Tex.App.—Houston [14 th Dist.] Aug. 12, 1999) (not designated for publication). Relying on *Hathorn v. State*, 848 S.W.2d 101, 113 (Tex.Crim.App. 1992), the Court of Appeals agreed with the State that the three-paragraph indictment presented alternative theories for one offense. *See Graham*, slip op. at 3. The court noted that the different subsections of § 19.03 allowed a conviction for capital murder where a person either (1) intentionally commits the murder in the course of committing or attempting to commit robbery; or (2) intentionally commits the murder and murders more than one person during the same criminal transaction. *See id.* (citing TEX. PENAL CODE ANN. §§ 19.03(a)(2) and 19.03(a)(7) (Vernon 1994)). The court concluded that the indictment's three paragraphs merely charged these alternative statutory theories. *See id.* The court therefore held that the three paragraphs did not charge separate offenses, but charged different methods for the commission of one offense. *Id.* at 3–4. We granted appellant's Petition for Discretionary Review to address the argument that the lower court erred in holding that appellant's capital murder indictment only charged one offense.

■ An indictment may contain as many separate paragraphs charging the same offense as is necessary to meet the contingencies of the evidence. *See Hathorn*, 848 S.W.2d at 113 (citations omitted). Where an indictment charges different theories under which a defendant may have committed a single capital murder, the provisions of § 3.04(a) will not apply. *Id.* In *Hathorn*, the appellant was charged in a single, three-paragraph indictment with the capital murder of his father. *Id.* The three paragraphs alleged that appellant committed (1) murder in the course of robbery and burglary; (2) murder for remuneration or the promise of remuneration; and (3) murder for hire. *Id.* In that case, this Court concluded that the appellant's argument that the indictment charged more than one offense misconstrued the language of § 3.04(a). We determined that the challenged indictment charged the appellant "with committing only one offense, capital murder of [his father]." *Id.* Thus, the alternative paragraphs simply alleged different theories for the commission of that one capital murder. *Id.*

■ The facts presented in the instant case, however, differ from those in *Hathorn* in one key respect—two of the three paragraphs allege *different murders* as the basis for the capital charge. As a predicate to charging capital murder, the Penal Code requires that a defendant commit murder as defined under § 19.02(b)(1). *See* TEX. PENAL CODE ANN. § 19.03(a) (Vernon 1994). That predicate murder is aggravated to *capital* murder where any one of eight additional circumstances are present. *See id.* at § 19.03(a)(1)-(8). For example, a capital murder charge is warranted where the defendant commits the murder in the course of committing robbery, *see id.* at § 19.03(a)(2), or where the defendant murders more than one person during the same criminal transaction. *See id.* at § 19.03(a)(7)(A).

In *Hathorn*, the murder of the appellant's father served as the predicate to the capital murder charge. *See Hathorn*, 848 S.W.2d at 113. That murder was aggravated through the indictment's alternative theories that it was (1) committed in the course of robbery and burglary; (2) committed for remuneration or the promise of

854

remuneration; or (3) murder for hire. *Id.* Despite the three alternative theories, however, the indictment only alleged *one* offense—the capital murder of the appellant's father. *Id.* In the instant case, however, there are multiple murders rather than multiple theories. In two of the alternative paragraphs, the indictment alleges the capital murder of Hurtado. That capital murder charge is supported by the alternative theories that appellant murdered Hurtado (1) while in the course of robbing him, and (2) during the same criminal transaction where he murdered Giraldo. The final paragraph, however, alleges a different capital murder—specifically, that of Garcia–Castro. That capital murder offense is supported by the single theory that appellant murdered Garcia–Castro while in the course of robbing him.[3] Thus, unlike *Hathorn* where the indictment alleged multiple theories for committing one capital murder (that of the appellant's father), the indictment in the instant case alleged two distinct capital offenses (the capital murder of Hurtado and the capital murder of Garcia–Castro). The final paragraph of the indictment can not be reconciled as charging the same capital offense as the first two paragraphs.

The Court of Appeals erred in concluding that the indictment alleged only one offense and that § 3.04(a) did not apply for that reason. The appellate court's decision is therefore vacated and the cause remanded for further proceedings consistent with this opinion.

---

**3.** This would be a different case, of course, if the murder of Garcia–Castro was being used as an aggravating circumstance to enhance Hurtado's murder into capital murder. *See, e.g., Shavers v. State,* 881 S.W.2d 67, 74 (Tex. App.—Dallas 1994, no pet.) (noting that although indictment contained two distinct murders, one of the murders was used as aggravating circumstance to charge a single capital murder). As it stands in the current indictment, however, the murder of Garcia–Castro is not alleged to bear any relation to the murder of Hurtado.