**Ex Parte Derrick FRAZIER, Applicant.**

**No. 49,164–01.**

Court of Criminal Appeals of Texas.

June 27, 2001.

Julie B. Pollock, San Antonio, for Appellant.

Michael A. Sheppard, DA, Cuero, Matthew Paul, State's Atty., Austin, for State.

HOLLAND, J., delivers a dissent to the order denying relief joined by PRICE, J., JOHNSON, J., and HOLCOMB, J.

In his application for writ of habeas corpus, applicant alleges that "the trial court fundamentally erred in combining the divergent elements of two separate offenses in a single submission of the jury charge because such submission permitted the jury to find [applicant] guilty without unanimously believing him guilty beyond a reasonable doubt in violation of the Fourteenth Amendment to the United States Constitution." The majority denies applicant relief based on the habeas court's findings of fact and conclusions of law. Because the habeas court's conclusions were erroneous and applicant's claim appears to be meritorious, I dissent.

The charge in applicant's guilt/innocence phase of trial authorized the jury to return a general verdict as to only one offense of capital murder. The application paragraphs of the charge combined eleven different "theories" of capital murder in the disjunctive. As to this allegation, the habeas court concluded that trial counsel waived any error by not objecting to the charge of the court at guilt/innocence. The habeas court also concluded that "when the State pleads alternate theories of the same offense, it is not required to prove guilt under all theories alleged and proof of guilt under one theory will suffice for a conviction."

I initially note that applicant did not procedurally default this issue by failing to raise it on direct appeal. When complaining of charge error in a post-conviction collateral attack, this Court has consistently held that an applicant must show that, in light of the trial as a whole, an egregiously erroneous charge denied him a fair and impartial trial. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App. 1985). It is true that "the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex.Crim.App.1996). But that rule is anything but absolute. *See generally Ex parte McKay*, 819 S.W.2d 478, 482 (Tex.Crim.App.1990) (noting that there is "no a bright line rule," but "many errors" are "cognizable on a writ of habeas corpus despite the principle that the great writ should not be used as a substitute for appeal."). For example, when an error is of constitutional dimension, we consider the writ of habeas corpus even when that error was not raised on direct appeal. *See Ex parte Banks*, 769 S.W.2d 539, 541 (Tex. Crim.App.1989). Additionally, in the past, this Court has recognized charge error that infected the entire trial such that the resulting conviction violates due process is cognizable on habeas corpus. *See McKay*, 819 S.W.2d at 481; *Maldonado*, 688 S.W.2d at 116; *Ex parte Coleman*, 599 S.W.2d 305, 306 (Tex.Crim.App.1978). In fact, we are currently considering the merits of another writ of habeas corpus allegation involving jury charge error that was not raised on direct appeal. *See Ex parte Thacker*, No. 74,034 (submitted on March 28, 2001).

Further, this is applicant's first, and only, writ under Texas Code of Criminal Procedure 11.071. Applicant is not abusing the system, see e.g., *Ex parte Carr*, 511 S.W.2d 523 (Tex.Crim.App.1974), nor has he waited many years to raise this constitutional claim, see e.g., *Ex parte Gardner*, 959 S.W.2d at 199. In fact, his direct appeal was only affirmed a few months ago. See *Frazier v. State*, No. 73,268 (Tex.Crim.App. March 28, 2001) (not designated for publication). In light of the constitutional issue at stake in this

case and the fact that this Court routinely considers claims in writ applications that could have been raised on direct appeal, applicant's claim is properly before this Court for consideration.

Having determined that this allegation was not procedurally defaulted, I turn to the merits of applicant's claim. The complication in this case is that the eleven different "theories" of capital murder were, in actuality, different combinations of two distinct offenses. In some of the "theories," Betsy Nutt was the underlying murder victim on which the capital murder was formed. But in other "theories," Cody Nutt was the underlying murder victim. In applicant's charge, multiple murders, as opposed to multiple theories, were joined to support one capital murder conviction. The charge in applicant's case alleged two distinct capital murder offenses (the capital murder of Betsy Nutt and the capital murder of Cody Nutt). See *Graham v. State*, 19 S.W.3d 851, 854 (Tex.Crim.App.2000). Therefore, the habeas court erred in concluding that applicant's charge merely combined different methods of committing the same offense.

Because the capital murder of Betsy Nutt and the capital murder of Cody Nutt were two different offenses, they should not have been charged in the disjunctive. By doing so, the trial court created the possibility of a non-unanimous jury verdict. See *Francis v. State*, 36 S.W.3d 121, 125 (Tex.Crim.App.2000). For example, six members of the jury could have believed applicant was guilty of Betsy Nutt's capital murder, but innocent of Cody Nutt's capital murder, while the other six jury members believed applicant was guilty of Cody Nutt's capital murder, but innocent of Betsy Nutt's capital murder. See *id.* Applicant is entitled to an unanimous jury verdict. See *id; Brown v. State*, 508 S.W.2d

91 (Tex.Crim.App.1974); TEX. CONST. art. V, § 13.

The discussion above demonstrates the potential merit in applicant's claim. I would file and set this allegation, order further briefing, and fully consider this issue. Because no one should be executed on a conviction supported by less than an unanimous jury verdict, I respectfully dissent.