Affirmed and Majority and Concurring Opinions filed January 9, 2003













Affirmed and Majority and Concurring Opinions filed
January 9, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-01-01143-CR and

   14-01-01144-CR

____________

 

MICHAEL JEROME EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 862,982 and 827,178

 



 

M A J O R I T Y   O P I
N I O N

Following a jury trial, appellant was convicted of two
crimes:  improper sexual activity with a
person in custody and sexual assault.  In
this consolidated appeal, appellant asserts ten points of error. We affirm.

PROCEDURAL BACKGROUND








In two separate causes, appellant was indicted for (1) the
state jail felony offense of improper sexual activity with a person in custody;
and (2) sexual assault.  See Tex. Pen. Code Ann. '' 39.04(a)(2)[1]
and 22.011(a)(1)(B)[2]
(Vernon 2002 and 1994).  After a jury
trial, appellant was found guilty of both offenses. 

Judgment and sentence were rendered on October 5, 2001.  Appellant was sentenced to two years= confinement in the Texas Department
of Criminal Justice (TDCJ) State Jail Division for the offense of improper
sexual activity with a person in custody, and to ten years= confinement in the TDCJ
Institutional Division for the sexual assault offense.   

Appellant filed notices of appeal on October 5, 2001 and a
motion for new trial on November 1, 2001. 
Appellant=s motion for new trial was overruled by operation of law.

FACTUAL BACKGROUND

The complainant was arrested in Corpus Christi, Texas, on an
open warrant for theft charges filed against her in Harris County.  After being in custody for fifteen days in
Corpus Christi, she was transported to Houston in a van operated by TransCor
America.  It was during this transport to
Houston that the offenses for which appellant was convicted took place.  

Although Houston is located only five hours from Corpus
Christi, complainant=s transport to Harris County took six days, involved more
than eighteen stops, and resulted in her spending more than 114 hours in
TransCor=s control.  Although TransCor policy mandates that female
extradition agents accompany all female prisoners, none was assigned to
complainant=s van during her transport from
Corpus Christi to Houston.








Initially there was a misunderstanding by TransCor drivers
that complainant=s warrant emanated out of Harrison County instead of Harris
County. This resulted in complainant=s spending 18 to 20 hours on the road
the first day of her transport; first she was driven south to Texas= Valley area, then north to Belton,
Texas.  In Belton, complainant was left
until a second transport vehicle could come to get her.  

Although her trip from Corpus Christi to Belton was
exhausting and uncomfortable, complainant raises no complaint against the first
two TransCor drivers who transported her. 
She testified they behaved properly and were “nice people.”  When the next TransCor van came to pick up
her up in Belton, however, it was operated by David Jackson and Michael
Edwards, the appellant.  It was during
this portion of the trip that complainant testified she was sexually assaulted.

The TransCor van in which complainant was transported was
divided into three areas.  Female
prisoners were confined in the middle section located behind the drivers= seats.  A mesh screen separated them from the
drivers; they were fed through two 8" x 8" “portholes” located in the
screen.   

All prisoners wore handcuffs and shackles around their ankles
at all times except when using the restroom or overnighting at a correctional
facility.  Chains went from the prisoners= ankles to their handcuffs and around
their waist, leaving just enough room to eat and drink.  Complainant testified she could take only
“baby steps” and could scratch her head only when she lowered it into her
lap.  One witness testified prisoners
could lift their hands only “six inches from their stomachs, if that much.”








The incident for which appellant was tried and convicted was
for the rape of complainant on October 19, 1999.  The sexual assault occurred in the TransCor
van on Interstate 10 while Jackson was driving. 
According to complainant=s and Jackson=s testimony, shortly before arriving
at the Harris County Jail in Houston, appellant got behind the driver=s seat, reached through the food
porthole into the female prisoners= compartment, pulled complainant by
her chains and hair to the porthole, and forced her to perform oral sex on
him.  Appellant ejaculated into
complainant=s mouth and on her shirt. 

At trial, the State=s evidence included the testimony of
complainant, Jackson, and two other prisoners who traveled with complainant and
appellant during the five-day trip from Belton.[3]

According to testimony admitted at trial, several factors
contributed to complainant=s fear of appellant and her state of mind during the
assault:  appellant insisted prisoners
call him “boss man” throughout the trip; he did not allow talking among the prisoners;
he used sexually explicit terms and fondled the female prisoners; and he
terrorized complainant by forcing her to raise her shirt and bra to expose
herself to other passengers and appellant. 
Appellant also reached into the female prisoners= compartment and penetrated
complainant=s vagina with his fingers, a
flashlight, and handgun; he kept a shotgun on a rack above the female prisoners= heads; he conducted “screen tests”
for entertainment, whereby he would slam on the van=s brakes, forcing prisoners to hit
their faces against the wire screens; and he intimidated and humiliated the
women prisoners by illuminating their faces and exposed breasts at night with
flashlights.

            On
one occasion, appellant and Jackson pulled their van over to the side of the
road and told the prisoners they were going to undo their chains, force them to
run, and shoot them for attempting to escape. 
On another occasion, appellant slid a bar of soap under a bathroom door
and told complainant to “clean herself up for him.”  Appellant and Jackson also threatened
everyone in the van with a gun and said that if anyone said anything, they
would “take care of them”Cwhich the prisoners interpreted to mean “kill them.”  Testimony indicates appellant and Jackson
also threatened to use mace on the prisoners.








The witnesses testified that appellant and Jackson crossed
the border into Mexico, got drunk, and visited prostitutes during the trip;
they had beer, alcohol, and marijuana; and appellant told complainant he
planned to visit a strip club in Houston and wanted her to “prepare” him
sexually for the visit.  Appellant also
warned complainant that he “knew” people at the Harris County Jail who would
treat her well if she was a “good girl” and cooperated with his demands.  

Soon after the sexual assault, complainant arrived at the
Harris County Jail and disclosed her attack to authorities.  Evidence indicated she had a split lip.  In addition, it was discovered that two
pieces of evidence complainant had secreted away during the tripCa business card of Jackson=s and a list of names of fellow
prisoners who might serve as witnessesCwere missing from her bag of personal
belongings.  Authorities found them in a
trash can near the inmate processing area; the only persons with access to
these items who could have thrown them away were appellant and Jackson.  

Subsequent to appellant=s arrest, complainant identified
appellant in a line-up; investigators found semen stains on complainant=s shirt that tested positive for
complainant=s and appellant=s DNA; blood stains were found on her
underwear; and samples of fluid taken from the floor of the van from behind the
driver=s seat tested positive for semen and
appellant=s DNA.  

ISSUES ON APPEAL

In appellant=s first and second points of errorCcommon to both appealsCappellant asserts (1) the evidence is
insufficient to prove by a preponderance of the evidence that appellant=s offense took place in Harris
County, Texas; and (2) the trial court improperly denied appellant=s objection to the State=s argument that appellant=s counsel was attempting to confuse
the jury with the issue of venue.  








In cause number 14-01-00143-CRCpertaining to appellant=s conviction for improper sexual
activity with a person in custodyCappellant asserts the evidence is
legally and factually insufficient to support a finding appellant was an
employee of the Harris County Jail at the time of the offense. 

In cause number 14-01-01144-CRCpertaining to appellant=s conviction for sexual assaultCappellant asserts the evidence was
legally and factually insufficient to prove (1) appellant used physical force
or violence against the complainant; and (2) appellant threatened to use
physical force or violence against the complainant.

I.  POINTS OF ERROR
COMMON TO BOTH APPEALS

A.        VENUE

In his first point of error, appellant contends there was
insufficient evidence to establish the offenses took place in Harris County,
Texas.

1.         Standard of
Review

As a general rule, venue is proper in the county where an
alleged sexual offense takes place.  Tex. Crim. Proc. Code Ann. '' 13.14 and 13.17 (Vernon 1977).  The burden of proof is on the State to
establish proper venue by a preponderance of the evidence.  Tex.
Crim. Proc. Code Ann. ' 13.17 (Vernon 1977); Black v. State, 645
S.W.2d 789, 790 (Tex. Crim. App. 1983); Peterson v. State, 659 S.W.2d
59, 61 (Tex. App.CHouston [14th Dist.] 1983, no pet.).   Failure to prove venue in the county of
prosecution is reversible error.  See
Black, 645 S.W.2d at 791.  However,
it is presumed that venue is proven in the trial court unless the record
affirmatively shows otherwise or venue is made an issue at trial.  See Tex.
R. App. P. 44.2(c)(1). 

The trier of fact may make reasonable inferences from the
evidence to decide the issue of venue.  Bordman
v. State, 56 S.W.3d 63, 70 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Evidence is sufficient to establish venue if “from the evidence the jury
may reasonably conclude that the offense was committed in the county
alleged.”  Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964).








2.         Discussion

Venue was properly made an issue at trial because appellant
first raised the issue of venue in a pretrial motion.  Tex. R. App. P. Ann.
44.2 (c)(1).  He continued to make venue
an issue during trial by asserting that complainant did not know where she was
during most of the time she was being transported and that complainant=s identification of two intersecting
highways in Harris County was insufficient to prove the assault took place in
Harris County.  We disagree.

(a)       The State’s evidence supports a reasonable inference the
offenses took place in Harris County. 

 

The evidence at trial shows that appellant=s offenses did in fact occur in
Harris County.  The driver of the van testified
the vehicle was around Highway 6 and Interstate 10 in Harris County, and that
he saw a sign for “Addicks/6” at the time of the assault.  An investigator with the Harris County
District Attorney=s Office testified Interstate 10 and Highway 6 intersect in
Harris County more than ten miles from the county line and that it is a
30-minute trip by car from Highway 6 to Harris County Jail. The investigator
further testified that the only signs that exist for an Addicks/6 exit are
located on Interstate 10 within the county line. 

In addition, complainant herself testified (1) the assault
occurred as appellant=s van was traveling down Interstate 10 from Columbus to
Houston; (2) she saw a sign for Highway 6 as soon as the assault was completed;
(3) the van was at the intersection of Interstate 10 and Highway 6 within one
minute of the attack; and (4) the van arrived at the Harris County Jail within
10 to 15 minutes of the assault.  




(b)       Appellant points to no evidence the offenses took place
anywhere but in Harris County.  

 








Although appellant makes the conclusory statement that the
evidence is insufficient to support a finding that appellant=s offenses occurred in Harris County,
he points to nothing in the record to support an alternate theory.  Indeed, defense counsel hinted during trial
that the van came into Houston on Highway 59 rather than Highway 10Cthus placing the offense in Waller
County rather than HarrisCbut no evidence supports this theory.  Defense counsel suggested that a GPS tracking
system traced appellant=s path into Houston and that it supported a route different
from the one described by complainant, but no GPS tracking data was admitted
into the record.  Finally, defense
counsel elicited testimony from one of the State=s witnesses that complainant=s trip into Houston took longer than
it should have taken following the path described by complainant, but such
evidence only shows a gap in timeCit does not necessarily indicate an
alternate route was taken.

(c)       Specific points of reference and passages of time can
establish venue. 

Where venue is sought to be established by someone in a
moving vehicle, specific points of reference and measurable passages of time
can establish the offense occurred in the State=s proffered county.   See Adams v. State, 936 S.W.2d 313,
315 (Tex. App.CTyler 1996, pet. ref=d) (finding sufficient evidence for
proper venue from plane=s flight path where plane took off and landed in county of
suit and sexual assault victim=s point of reference lay partly in that county); Sixta v.
State, 875 S.W.2d 17, 18 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (finding sufficient evidence for
judicial notice of proper venue where policeman testified offense took place in
front of two landmarks located within county of suit); Lozano v. State,
958 S.W.2d 925, 929 (Tex. App.CEl Paso 1997, no pet.) (finding sufficient evidence for
proper venue where victim testified molestation took place in an automobile
“very near” his home and his house was in the county of suit); and Jasso v.
State, 699 S.W.2d 658, 661 (Tex. App.CSan Antonio 1985, no pet.) (finding
sufficient evidence for proper venue where victim testified she was driven to
sexual assault site within an hour of leaving a mall and a second witness
testified it took at least an hour to drive from the mall to the county line).








Based on complainant=s testimony that the assault took
place approximately 10B15 minutes before arriving at the Harris County Jail and
because she saw a sign located in Harris County immediately after her attack,
we find the State established proper venue by a preponderance of the
evidence.  Accordingly, we overrule point
of error number one.  

B.        DENIAL OF
APPELLANT’S OBJECTION TO STATE’S CLOSING

ARGUMENT

 

In his second point of error, appellant contends the trial
court committed reversible error in overruling his objection to the State=s argument that defense counsel
attempted to confuse the jury with the issue of venue.  He claims such argument was inflammatory and
improper.

1.         Standard of
Review

When reviewing alleged error in a jury argument, the
appellate court must analyze the statement in light of the entire argument and
not on isolated instances.  Drew v.
State, 743 S.W.2d 207, 220 (Tex. Crim. App. 1987).  In order to constitute reversible error, the
argument must be extreme or manifestly improper, violative of a mandatory
statute, or inject new facts harmful to the accused into the trial proceedings.
 McKay v. State, 707 S.W.2d 23, 38
(Tex. Crim. App. 1985).   Counsel is to
be given wide latitude in drawing inferences from the record, as long as the
inferences are reasonable and offered in good faith.  Coble v. State, 871 S.W.2d 192, 205
(Tex. Crim. App. 1993).       

2.         Discussion

During closing remarks to the jury during the guilt-innocence
phase of appellant=s trial, defense counsel argued that the State failed to
prove by a preponderance of the evidence that the alleged offenses took place
in Harris County.  The State responded as
follows:








STATE:           And let me ask you this question.  If Mr. Edwards is innocent of both of these
offenses, why does it even matter that whether or not (sic) it happened in
Harris County?  Why is it they=re arguing so much about getting it out of Harris
County, Texas, saying that the State cannot prove this to you?  If he=s
innocent, he=s innocent.  Why
is it they want to go on this thing? 
Because the evidence is there to show that he isn=t innocent. 
They=re taking every swipe at this case that they can to
either confuse you or mislead you or try to get you to do anything to look away
from this evidence.  And that=s what this whole issue about jurisdiction is all
about.   

DEFENSE COUNSEL:         We would object, Your Honor, to that
line ofCas improper argument because we don=t have a burden of proof to prove anything.

COURT:         The jury
instructions tell the jury that. 
Overruled. 

Appellant argues the State=s closing remarks were improper and
that he has a statutory right to be tried in the county where the offenses
allegedly took place.  Tex. Crim. Proc. Code Ann. ' 13.17 (Vernon 1977); Black v. State, 645
S.W.2d 789, 790 (Tex. Crim. App. 1983). 
The State responds by asserting appellant=s objection on appeal is waived
because it differs from the one raised at trial.[4]  We agree. 


An objection stating one legal basis may not be used to
support a different legal theory on appeal. 
Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990).  This is so
because trial judges must have the opportunity to rule on legal theories and
the State must have the opportunity to remove objections or supply other
testimony.  Purtell
v. State, 761 S.W.2d 360, 365B6 (Tex. Crim. App. 1988).  








In this case, appellant=s objection at trial was that the
State=s argument placed the burden of proof
on the defense.  On appeal, appellant
argues it is improper for the State to assert appellant was confusing or
misleading the jury.  Because appellant=s objection at trial does not comport
with his complaint on appeal, nothing is presented for appellate review.  See Rezac,
782 S.W.2d at 871.

Accordingly, we overrule appellant=s second point of error.

II.        POINTS OF
ERROR PERTINENT TO CAUSE NUMBER 14-01-01143 
ONLY:

APPELLANT=S STATUS AS AN EMPLOYEE OF HARRIS COUNTY

 

In cause number 14-01-01143Cpertaining to appellant=s conviction for improper sexual
activity with a person in custodyCappellant asserts in his third and
fourth points of error that the evidence was legally and factually insufficient
to support a jury finding that he was an employee of the Harris County Jail at
the time of the offense. 

A.        Standard of
Review

We apply different standards when reviewing the evidence for
legal and factual sufficiency.  To determine
legal sufficiency, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App.
1993).  This standard of review applies
to cases involving both direct and circumstantial evidence. King v. State,
895 S.W.2d 701, 703 (Tex. Crim. App. 1993). 
On appeal, this court is not to reevaluate the weight and credibility of
the evidence; we consider only whether the jury reached a rational
decision.  See Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993). 
The jury, as the trier of fact, is the sole judge of the credibility of
the witnesses.  See Soto v. State,
864 S.W.2d 687, 691 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 









To determine factual sufficiency, we view the evidence in a
neutral light and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  We must review the evidence weighed by the
jury tending to prove the existence of the elemental fact in dispute, and
compare it to the evidence tending to disprove that fact.  Id. 
The appellate court may find either that the State=s proof of guilt was so obviously
weak as to undermine confidence in the jury=s determination, or that the finding
of guilt was against the great weight and preponderance of the evidence.  Id. at 11.  When the defendant proffers contrary
evidence, we consider whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by defendant=s proffered evidence.  Id. 
We may disagree with the jury=s decision, even if probative
evidence exists that supports the verdict. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  However, a factual sufficiency review must be
appropriately deferential to avoid substituting our judgment for the fact
finder=s. 
Id. at 648.  We are not
free to reweigh the evidence, but must exercise our jurisdiction only to
prevent a manifestly unjust result.  Id.  

B.        Discussion

Appellant asserts the evidence was legally and factually
insufficient for the jury to find he was an employee of the Harris County
Jail.  He argues he was an employee of
TransCor AmericaCa private transport agency over which the Jail had no controlCand so was not employed by the Harris
County Jail.   We disagree.  

At the time appellant=s offense of improper sexual activity
with a person in custody occurred, the offense was deemed to have occurred when
an official of a correctional facility, an employee of a correctional facility,
or a peace officer engaged in sexual contact, sexual intercourse, or deviate
sexual intercourse with a person in custody. 
Tex. Pen. Code Ann. ' 39.04(a)(2) (Vernon 2002).[5]









The penal code does not define the term “employee.”  However, the Texas Court of Criminal Appeals
has expressly held the term “employee” includes “agent” and “servant.”   See Ackley v. State, 592 S.W.2d 606, 608
(Tex. Crim. App. 1980) (finding that, where the Alcoholic Beverage Code failed
to define “employee,” the term should be construed to include an “agent” of a
retail beer licensee).  See also
Herberling v. State, 834 S.W.2d 350, 355 (Tex. Crim. App. 1992) (finding
police informant acted as an agent of law enforcement when he accepted and
delivered cocaine on behalf of a Houston police officer).  Indeed, an “agent is the employee of his
principal” and the relationship between a principal and his agent constitutes a
form of employment.  Ackley, 592
S.W.2d at 608.

An agent is someone who is authorized
by another to transact business or manage some affair for him and to render to
him an accounting of such transaction.  Id.  The term “agency” denotes a consensual
relation existing between two persons, by virtue of which one of them is to act
for and on behalf of the other, being subject to the other=s control.  Id.  See also Alvarado v. State, 853 S.W.2d
17, 23 (Tex. Crim. App. 1993) (finding Mexican police were not acting as agents
of U.S. law enforcement officials when they obtained a confession from
defendant since they acted independently on their own behalf). 

The test, therefore, for whether
appellant was an “employee” of the Harris County Jail is whether he was subject
to the Jail=s control.  Ackley, 592 S.W.2d at 608.  In the instant case, there is no dispute that
the Harris County Jail meets the definition of “correctional facility” as
defined in the Texas Penal Code.[6]   Additionally, there is sufficient evidence
to support a finding that appellant was “an employee, namely, a transportation
agent” of Harris County Jail by virtue of its control over appellant.  Specifically, evidence shows:

!      Appellant=s
employer was under contract with the Harris County Jail; 

!      The Harris County Jail controlled the
booking process appellant and Jackson followed; 








!      The Harris County Jail controlled who Jackson
and appellant transported and where they took them;

!      TransCor drivers were taught the rules and
regulations required by federal and local police agencies; and

!      Jackson considered himself to be a
“designated transportation agent” for the Harris County Jail; he acknowledged
he and appellant acted for the Harris County Jail when they transported the
complainant; and he admitted that neither he nor appellant had authority to
change orders without first seeking permission from TransCor, who was under contract
with Harris County.

 

Because appellant and Jackson were
required to follow prescribed booking proceduresCan “accounting” of sortsCwhen they dropped off prisoners; were
required to wear uniforms that mirrored those worn by Harris County police
officers; were acting in lieu of Harris County police deputies when they
transported prisoners; and lacked authority to change orders without first
seeking permission from an external source, we find the evidence supports a
conclusion that appellant was controlled by, and authorized “to act for and on
behalf of,” the Harris County Jail.  As
such, a rational jury could reasonably have found appellant to be an “employee,
namely a transportation agent” of the Jail within the meaning of Texas Penal
Code ' 39.04(a).  Thus, we find the evidence legally sufficient
to support the verdict.

Because appellant did not testify or
put on witnesses to the contrary, the test for factual sufficiency is whether
the evidence establishing appellant as an employee of Harris County Jail is so
weak as to undermine confidence in the jury=s determination.   Johnson, 23 S.W.3d at 11.  Applying this standard, we find the weight of
the evidence supports the verdict.  Thus,
we also find the evidence to be factually sufficient.  

Accordingly, appellant=s third and fourth points of error
related to his conviction for improper sexual contact with a person in custody
are overruled.




III.       POINTS
OF ERROR PERTINENT TO CAUSE NUMBER 14-01-01144 ONLY:

APPELLANT=S USE AND THREATENED USE OF
FORCE

 

In cause number 14-01-01144Cpertaining to appellant=s sexual assault convictionC appellant asserts in his third,
fourth, fifth, and sixth points of error that the evidence was legally and
factually insufficient to support the jury=s findings because no reasonable
trier of fact could have found he usedCor threatened to useCphysical force or violence against
the complainant.  We disagree.

A.     Standard
of Review

We apply the same legal and factual
sufficiency standards of review as detailed above in Section II. A.

B.     Discussion

The complainant testified that
appellant did not make any “express threat of physical force or violence” upon
her; thus, argues appellant, he exercised only “generalized intimidation,” not
an “overt use of physical force or violence” or an “express threat.”[7]  We find this argument to be
unpersuasive.   

A person commits the offense of
sexual assault if the person intentionally and knowingly causes the penetration
of the mouth of another person by the sexual organ of the actor, without that
person=s consent.  Tex. Pen. Code Ann. ' 22.011 (a)(1)(B) (Vernon 2002).  Two situations that constitute lack of
consent are:

(1)          the actor compels the other person to
submit or participate by the use of physical force or violence; [and]








 

(2)          the actor compels the other person to
submit or participate by threatening to use force or violence against the other
person, and the other person believes that the actor has the present ability to
execute the threat.

 

See Tex. Pen. Code Ann. '' 22.011 (b)(1) and (2) (Vernon
2002).  

Both situations were alleged in
appellant=s indictment and the trial court
submitted both to the jury.  The jury
returned a general verdict of guilty.  

The verdict in every criminal action
must be general.  Tex. Crim. Proc. Code Ann. 
' 37.07(1)(a) (Vernon 1981).  An indictment may contain as many separate
paragraphs charging the same offense as necessary to allege the various manner
and means of having committed one alleged offense and to meet the contingencies
of the evidence.  Graham v. State,
19 S.W.3d 851, 853 (Tex. Crim. App. 2000). 
When such methods of committing the offense are alleged conjunctively,
proof of any one of the ways charged in the indictment will support a
conviction.   Sidney v. State, 560 S.W.2d 679, 681 (Tex. Crim.
App. 1978).  Here, we find the State
conclusively proved appellant=s threatened use of force.

Explicit verbal threats and physical
injury are not necessary to prove a defendant compelled a victim=s participation.  See Barnett v. State, 820 S.W.2d 240,
241-42 (Tex. App.CCorpus Christi 1991, pet. ref=d). See also Garcia v. State,
750 S.W.2d 922, 923 (Tex. App.CCorpus Christi 1988, no pet.)(finding use of physical force
and violence where victim did not resist but appellant had previously secured
passive compliance by choking her); Graves v. State, 994 S.W.2d 238, 244
(Tex. App.CCorpus Christi 1999, pet ref=d) (finding appellant=s demands carried an implicit threat
that if victim did not submit, she would be beaten as she had been previously);
Smith v. State, 719 S.W.2d 402, 403 (Tex. App.CHouston [1st Dist.] 1986, no pet.)
(finding evidence of physical force and violence where victim passively
accepted sexual intercourse because she had been forced to submit  to sexual demands by being beaten most of her
life).








  
         Inherent in the concept of
force, whether it be physical force, threats, or some other type of coercion,
is that, when a person involuntarily faces distasteful options, it is very
human to select that which is the least distasteful.  Brown v. State, 576 S.W.2d 820, 823
(Tex. Crim. App. 1978); Smith, 719 S.W.2d at 403.

Here, the State offered evidence
showing (1) appellant inserted a gun in complainant=s vagina against her wishes; (2)
appellant and Jackson pulled to the side of a road and threatened to shoot
complainant and the other prisoners in a “mock escape”; (3) appellant and
Jackson kept a shotgun stored above complainant=s head; (4) appellant and Jackson
inflicted injury on complainant through a series of “screen tests”; (5)
appellant and Jackson brandished a weapon and told complainant and other
prisoners that “if they told,” they would be “taken care of”; (6) appellant and
his partner threatened to have people at the jails they visited “take care” of
the prisoners if they said anything; (7) appellant and his partner threatened
to use mace on the prisoners; (8) complainant=s cries of “no” and “stop” had been
futile in warding off previous assaults; (9) appellant pulled complainant=s hair and chains immediately prior
to making his demands; and (10) complainant thought that if she cooperated, she
would survive to tell her story to authorities.

For a rational jury to find
complainant suffered a “threat of force or violence” under such circumstances
seems reasonable.  Indeed, appellant=s demands carried an implicit threat
that if complainant did not submit, she would in fact be harmed in some
way.  See Graves, 994 S.W.2d at 244.  

We therefore find legally sufficient
evidence for a jury to find appellant used threats of physical force or
violence to obtain complainant=s consent to his sexual demands.  To hold otherwise “would be to require sexual
assault victims who had previously been beaten for refusing the sexual advances
of their attacker to again be physically forced to submit to the whims of the
sexual predator or, at the very least, compel them to make an express threat of
force before such person could be held accountable for their actions.”  Id. 
As the Graves court pointed out, “[t]his indeed would be a
travesty.”  Id.  








Because appellant did not testify or
put on witnesses to the contrary, the test for factual sufficiency is whether
the evidence establishing the element of appellant=s use of threats of force or violence
to compel complainant to submit to the penetration is so weak as to undermine
confidence in the jury=s determination.  Johnson,
23 S.W.3d at 11.  Applying this standard,
we find the evidence to be factually sufficient to support the finding
appellant used threats of force to compel the complainant to submit.  Accordingly, we overrule appellant=s fifth and sixth points of error
related to appellant=s sexual assault conviction. 

Because we need only find evidence to
support one situation constituting lack of consent to meet the requirements of
Penal Code ' 22.011(a)(1)(B), this Court need not
address appellant=s points of error three and four related to his conviction
for sexual assault. 

We affirm the trial court=s judgments in cause numbers 862,982
and 827,178 below. 

 

 

/s/        John
S. Anderson

Justice

 

 

 

Judgment rendered and Majority and
Concurring Opinions filed January 9, 2003.

 

Panel consists of Justices Yates,
Anderson, and Frost.  (Frost, J.,
concurring.)

 

Publish C Tex.
R. App. P. 47.2(b).

 








Affirmed and Majority and Concurring Opinions filed
January 9, 2003.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS.   
14-01-01143-CR and 

    
14-01-01144-CR

____________

 

MICHAEL JEROME EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 862,982 and 827,178

 



 

C O N C U R R
I N G   O P I N I O N








The majority is correct in concluding
that the Harris County Jail exercised sufficient control over appellant to make
him the Jail=s employee under section 39.04 of the
Penal Code, based on the holding in Ackley v. State that “an agent is
the employee of his principal.”  592
S.W.2d 606, 608 (Tex. Crim. App. 1980).  Ackley,
however, is somewhat at odds with the general principles of agency law upon
which it relies.  Ackley suggests
that all agents are employees.  See
id.  But Texas law has long
recognized that not every agent is an employee; an agent may be an independent
contractor.  See Baptist Mem=l Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998); see also Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(2) (Vernon Supp. 2002)
(defining “employee” of a governmental unit to include certain agents, but not
those who are independent contractors or who perform tasks the details of which
the governmental unit does not have the right to control); Restatement (Second) of Agency  ' 220, cmts. e, g (1958) (stating that
“it is important to distinguish between a servant and an agent who is not a
servant, since ordinarily a principal is not liable for the incidental physical
acts of negligence in the performance of duties committed by an agent who is
not a servant” and that in statutes the term “employee” has largely replaced
the term “servant”).

An agent is a person who is
authorized by a principal to transact business or manage some affair on behalf
of the principal.  Grace Cmty. Church v. Gonzales, 853 S.W.2d 678, 680
(Tex. App.CHouston [14th Dist.] 1993, no
writ).  As this court held in Robles
v. Consolidated Graphics, Inc., “agent” and “independent contractor” are
not mutually exclusive categories.  965
S.W.2d 552, 558 (Tex. App.CHouston [14th Dist.] 1997, pet.
denied).  Rather, “a party >who contracts to act on behalf of
another and [is] subject to the other=s control except with respect to his
physical conduct is an agent and also an independent
contractor.’”  Id. (quoting Restatement (Second) of Agency ' 14N (1958)).  The extent of control the principal exerts
over an agent determines whether the agent is an employee or an independent
contractor.  








The test to determine whether an
agent is an employee instead of an independent contractor is “whether the
employer has the right to control the progress, details, and methods of
operations of the work.”  Limestone
Prods. Distribution, Inc. v. McNamara, 71 S.W.3d 308, 312 (Tex. 2002).  In an employment relationship, the employer
controls not only the end to be accomplished, “but also the means and details
of its  accomplishment.”  Id. 
According to the Texas Supreme Court, the right to control is measured
by considering several factors: 

(1)    the independent nature of the worker=s business; 

(2)    the worker=s
obligation to furnish necessary tools, supplies, and materials to perform the
job; 

(3)
   the worker=s right to control the progress of the work except
about final results;

(4)
   the time for which the worker is
employed; and

(5)
   the method of payment, whether by unit
of time or by the job.

Id. 


The evidence upon which the majority
relies is legally and factually sufficient to support a finding that appellant
was an agent of the Harris County Jail; and, because Ackley equates agents
with employees, this evidence is sufficient to support a finding that appellant
was an employee of the Harris County Jail. 
See Ackley, 592 S.W.2d at 608.  Application of the Texas Supreme Court=s test in Limestone Products,
however, might yield a different result. See Limestone Prods.
Distribution, Inc., 71 S.W.3d at 312. 
Nevertheless, because the holding of the Court of Criminal Appeals in Ackley
is binding precedent in this criminal case, this court is correct to follow
it.  Under Ackley, this court must
overrule appellant=s third and fourth points. 
Accordingly, I concur in the court=s judgment.

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Majority and
Concurring Opinions filed January 9, 2003.

Panel consists of Justices Yates,
Anderson, and Frost. (Anderson, J., Majority).

Publish C Tex.
R. App. P. 47.2(b).











[1]  On the date of
the offense, Penal Code ' 39.04(a) provided that A[a]n
official or employee of a correctional facility or a peace officer commits an offense
if he intentionally: (2) engages in sexual contact, sexual intercourse, or
deviate sexual intercourse with an individual in custody.@  In 2001, the
77th Legislature rewrote the initial paragraph to read: “An official of a
correctional facility, an employee of a correctional facility, a person other
than an employee who works for compensation at a correctional facility, a
volunteer at a correctional facility, or a peace officer commits an offense if
. . . .”





[2]  Penal Code ' 22.011(a) provides that A[a] person commits an offense if the person: (1)  intentionally or knowingly: (B) causes the
penetration of the mouth of another person by the sexual organ of the actor,
without that person=s consent.@





[3]  The only other
passenger in the van during the incidentCa Costa
Rican nativeCwas deported 
and did not testify at trial.  A
sworn affidavit of his testimony was admitted by defense counsel as a bill of
exception.   

 





[4]  The State also
argues appellant’s counsel did not timely object.  See Tex.
R. App. P. 33.1 (a)(1); Smith v. State, 842 S.W.2d 401, 406 (Tex.
App.CFort Worth 1992, pet. ref’d)
(finding when prosecutor made two identical statements, objection to second
statement was untimely when defendant did not object to first).  This court, however, does not agree defense
counsel’s objection was untimely. 
Because defense counsel raised his objection at the first mention of the
words “confuse” and Amislead@ in
conjunction with the issue of “jurisdiction,” we will construe appellant=s objection as timely.

The State also asserts that (1) the State=s remarks were proper; and (2) even if the remarks
were improper, they resulted in harmless error. 
Appellant waived the objection, so we do not reach these issues. 





[5]  In 2001, the
77th Legislature rewrote the initial paragraph of this statute.  See supra note 1.





[6]  “Correctional
facility” is defined in the Penal Code as a place designated by law for the
confinement of a person arrested for, charged with, or convicted of a criminal
offense.  Tex. Pen. Code Ann. ' 1.07(a)(14)
(Vernon 1994).  The
term includes: (A) a municipal or county jail; (B) a confinement facility
operated by the Texas Department of Criminal Justice; (C) a confinement
facility operated under contract with any division of the Texas Department of Criminal
Justice; and (D) a community corrections facility operated by a community
supervision and corrections department.  Tex. Pen. Code Ann. ' 1.07 (a) (14) (A)B(D)
(Vernon 1994).  

 





[7]  Appellant also
contends it was physically impossible for him to have exercised physical force
or violence over the complainant because the TransCor van was “simply too
cramped.”  However, a defendant=s ability to actually commit the alleged offense is
not an element of either ' 39.04(a)(2) or ' 22.001Cnor is it enumerated as a defense to the crimesCso impossibility is not relevant to appellant=s sufficiency challenge.  Thus, we decline to address it.  

Additionally, if appellant is seeking now
to raise impossibility as a defense to the charged offenses, it is too
late.  The issue was not submitted to the
jury, nor was it brought forward on appeal; thus, it has been waived.