Affirmed and Opinion filed April 10, 2003









Affirmed and Opinion filed April 10, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00820-CR

NO.
14-02-00821-CR

 

GERALD WAYNE WARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 184th District Court

Harris County, Texas

Trial
Court Cause Nos. 916,073 and 916,074

 



 

M
E M O R A N D U M   O P I N I O N

After a jury trial, appellant was convicted of the offenses
of deadly conduct and unlawful possession of a firearm by a felon.  On August 2, 2002, the trial court sentenced
appellant to confinement for sixty years in each case in the Institutional
Division of the Texas Department of Criminal Justice, with the sentences to run
concurrently.  Appellant filed a pro se
notice of appeal.








Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced.  See High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991). On March 24, 2003,
appellant filed a pro se response to counsel=s Anders brief, in which he
raised one issue complaining that the trial court erred in overruling his
objection to the State=s motion to consolidate these cases.  The record before this Court contains no
timely filed motion to sever, however.  See
Graham v. State 19 S.W.3d 851, 854 n.2 (Tex. Crim.
App. 1990) (noting defendant has right to severance after timely motion).  The record also contains no objection to
consolidation, although there is a notation that defendant=s objection was overruled.  Appellant=s issue cannot be sustained, however,
because any severance error in this case was not claimed or shown to be harmful
under Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim.
App. 1997).  See Llamas v. State,
12 S.W.3d 469, 470 (Tex. Crim. App. 2000) (discussing
concerns, such as risks of consecutive sentences or conviction based on
commission of other crimes, reviewing court should examine when conducting harm
analysis of severance error).[1]  We conclude the error did not have a
substantial or injurious affect on the jury verdict.  See Llamas, 12 S.W.3d at 471 n.2; Tex. R. App. P. 44.2(b).

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Further, we find no reversible error in the record.  Further discussion of the brief and appellant=s response would add nothing to the
jurisprudence of the state.








Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed April 10, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman. 

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  In Llamas,
the Court of Criminal Appeals disavowed the language in Warmowski
v. State, 853 S.W.2d 575 (Tex. Crim. App. 1993)
indicating severance error is not subject to a harm analysis.   12 S.W.3d 
at at 470.